BENJAMIN F. WILLIAMS, plaintiff in error, vs. JESSE CASH, defendant in error.

[1.] If a defendant in ejectment enter on land sued for, under the lessor of the plaintiff, whether by purchase, gift or lease, he cannot dispute the title under which he entered.

[2.] If defendant, after entering under the lessor of the plaintiff, sets up a defence against him to a suit for the recovery of the land, hostile to the title under which he entered, he cannot claim to be a tenant at will, and entitled to notice to quit, before suit can be brought.

[3.] If a defendant in ejectment entered into the possession of the premises sued for, under a contract of any sort for a title, the statute of limitations could not begin to run in his favor, until he repudiated the contract, and claimed to hold in defiance of plaintiff's title, and the plaintiff had knowledge of such adverse holding.

Ejectment, in Cass Superior Court. Tried before Judge TRIPPE, at September Term, 1858.

This was an action of ejectment by Doe, *ex dem.*, Jesse Cash, against Roe, casual ejector, and Benjamin F. Williams, tenant in possession, for the recovery of lots of land Nos. 1141, 1163 and 1164, in the seventeenth district, third section, of originally Cherokee, now Cass county, each containg forty acres.

### Brief of Evidence.

Plaintiff offered and read, in evidence, a grant from the State to Cash, the lessor, for the lots in controversy. A deed from Cash to James Dickerson for same lots, and a re-conveyance, by deed, from Dickerson to Cash, and closed.

Defendant read the depositions of the following witnesses, taken by commission :

*James Tallent. Int.* 1st. He knew the parties.

2d. He answers he is acquainted with the land, that the defendant, Williams lives on, and which is sued for in this action; was at his house in February, in the year 1844, and Williams was living on the land then; has been personally acquainted with him ever since, and he has been

in possession of the land ever since, and has cleared about sixty or seventy acres upon the land.

3d. He answers that the defendant, Williams, has claimed the land in dispute, as his own property, as a gift by Jesse Cash to his daughter, who is the wife of the defendant.

4th and 5th. He answers he knows nothing.

6th. He answers, he has stated all he knows that will benefit the defendant.

Evidence of *James M. Ware.*—I heard the old man Cash, the plaintiff in this action, say to James Dickerson, that he would take back the land he sold to him, provided B. F. Williams, the defendant, would take it, and said he would make B. F. Williams's wife and children, a title when certain impediments were removed. The conversation took place in the year 1844, at James Dickerson's house, in Cass county, and that B. F. Williams moved to the place in the winter thereafter; and the numbers of said lots of land, as well as remembered, are Nos. 1141, 1163 and 1164, in the 17th district, and 3d section of Cass county. Williams has claimed the land, as his own, ever since he moved to it, and exercised ownership over it all the time.

*Cross examined.*—I never heard the plaintiff say anything about possession at no time or place.

I never heard the defendant say any thing about dividing the land between the the defendant and plaintiff's son, and I never heard the plaintiff say that the defendant was to have any portion of the land as his portion of the estate of the plaintiff; has heard defendant claim said land in three years, and where he was, and what he was doing, I cannot tell. He answers, I never heard defendant say he was holding the land as tenant under the plaintiff.

*Samuel Higginbottom. Int.* 1st. He answers he knows the parties.

2d. He answers that he knows nothing of his own knowledge, but some time in August, 1844, Jesse Cash sent

for me to come to said Williams's, and then and there said to me that he had given to his daughter (Mrs. Williams) the wife of said Williams, the defendant, in the case, the three lots of land, that they are now a lawing about, and said land was to come out·of her part of his estate, and said Jesse Cash was to make her titles to said land whenever they could get the old mill-dam down; and this conversation took place some time in August, 1844, at the house of the defendant Williams; and Newton Ashly and William Ashly and Mrs. Williams were present at the time this conversation took place between me and Jesse Cash.

3d.  He answers, that Williams, the defendant, went into possession of said lots of land in January, 1845.

4th.  He answers, that he heard Jesse Cash say that he had sold said lots of land to James Dickerson, and had taken them back to let his daughter have them.

*Cross-examined.—Int.* 1st.  He answers, that all that the plaintiff said was, that the lots of land were to come out of her part of his estate.

2d.  He answers, that the agreement between plaintiff and defendant was, that whenever they could get the mill-dam down, he was to make her titles to the land.

3d.  He answers, I have seen Jesse Cash three times in all.

*Newton and William Ashley's evidence.—Int.* 1st.  Both answer they know the parties.

2d.  Both answer, they know the land in dispute, and they heard the plaintiff, Jesse Cash, say to defendant, Williams's wife, that if her husband, Williams, who is the defendant in this case, would go on said land, that he would make her a title to it the first time he came out to see them, and the said Williams went into possession some time in January, 1845, and Williams has been in possession ever since, and that he always claimed said land as a gift to his wife, and said land was to go in part of her estate at his death.

3d. Both answer, they have answered all they know that will benefit the defendant, as though they had been interrogated thereunto.

*Cross int.* They both answered, that they have heard Jesse Cash say the land in dispute *was* his, but if defendant, Williams, would go on said land, he would give it to his wife; and both say they never heard Cash say that Williams ever was to leave said land, and have related all they know that will benefit the plaintiff.

*Benjamin F. Smith. Int.* 1st. He answers, he knows the parties.

2d. He answers, he knows the numbres of land stated in the question, and states that he has known the land about fourteen years; first in the possession of James Dickerson, and claimed by the said B. F. Williams, the defendant in the above case, who went in possession some time in January, 1845, and has been claiming and exercising ownership over said land ever since.

3d. He answers, that he has answered this interrogatory in the second.

4th. He has answered all that will benefit the defendant.

*William H. Cash,* for plaintiff, in reply. He answers, that he was not acquainted with the premises, only by reputation. The terms under which the defendant went into possession of the premises, as he understood them from Jesse Cash and defendant, were, that Jesse Cash told defendant and myself, that we might go on the premises, and work there until he, Jesse Cash, called for possession, and the defendant went into possession under that agreement; this is all the agreement about the premises that I ever heard, or knew of being made, between the said Jesse Cash and the defendant.

3d. He answers, that he has no interest in the matter; was to go on the place which Jesse Cash gave defendant, and had leave to go there, but made other arrangements, and declined going on the place, but was not to be a partner

of defendant, if he had gone on the place. We both had leave at the same time from Jesse Cash, to work on equal portions of the land, each one to himself.

4th. He answers, he cannot recollect exactly when this agreement was, thinks some seven or eight years ago last August. The agreement was made at defendant's house, in Cass county, in said State; the agreement was, that if Jesse Cash charged rent, we (myself and defendant) were to pay it in cotton or flour.

The jury, under the charge of the Court, found for the plaintiff, and defendant moved for a new trial, on the following ground:

1st. Because the verdict was contrary to evidence.

2d. Because the verdict was contrary to the weight of evidence.

3d. Because the verdict was contrary to the charge of the Court.

4th. Because the Court erred in not charging the jury as requested by defendant's counsel, that if defendant went into possession of the premises, as his own, with the understanding that Cash was afterwards to execute a deed of conveyance to Mrs. Williams, defendant's wife; that fact does not constitute him a tenant at will, of Cash; nor does it prevent the statute of limitations from running in his favor. But, on the contrary, the Court charged the jury, that if defendant took possession, claiming the land as his own, and retained that possession, and continued that claim for seven years prior to the passage of the Act of January, 1852, then he had acquired a good statutory title, and the jury ought to find for him; but if defendant took possession of the premises under a promise by plaintiff, that he would, at some future time, convey the same to defendant's wife and children, for their sole and separate use, and which he had never done, then the statute would not run against the plaintiff, until defendant claimed the land as his own, and plaintiff had knowledge of said claim.

The Court overruled the motion for a new trial, and de
fendant excepted.

MILNER & PARROTT, for plaintiff in error.

WOFFORD & CRAWFORD, *contra.*

*By the Court.*—McDONALD J. delivering the opinion.

This was an action of ejectment, in the Superior Court of
Cass county.  The jury rendered a verdict for the plaintiff,
and the defendant moved for a new trial on the several
grounds set forth in the foregoing statement, by the Reporter.
The presiding Judge refused to grant a new trial, and error
is assigned on his judgment refusing it.  According to the
record before us, the defendant entered into possession of
the premises sued for under the lessor of the plaintiff, Jesse
Cash, either under a verbal donation or of a promise to give
the land to the defendant, or to his wife, or to his wife and
children, or under a lease, he to pay rent in corn or cotton.
There is some evidence to each of these points, but the
weight of the evidence is, that he entered into possession of
the land under a verbal promise, that as soon as certain
impediments were removed, he would execute a title to the
defendant's wife and children.  If the defendant entered
under the lessor of the plaintiff, whether by purchase, gift,
lease, or otherwise, he cannot dispute his title.  *Leigh's
Nisi Prius, and cases referred to in the note* 925.  So far,
then, as the plaintiff's right to recover the premises in dis-
pute, depended on the evidence adduced by him, it was per-
fect as to the defendant.

[2.] The defence of adverse possession for a period that
would bar the plaintiff's right of action, was set up.  This
defence was inconsistent with a tenancy at will, and
it was not necessary for the plaintiff to prove notice before
he brought the suit, that he had determined his will.

The case of the plaintiff in error, then, depends on the

Williams vs. Cash.

merits of his defence under the statute of limitations, and those merits may be fully examined on the errors assigned, upon the refusal of the Court below to charge the jury as requested by the counsel for the plaintiff in error, and upon the charge of the Court, as given to the jury.

[3.] The counsel for the plaintiff in error requested the Judge presiding at the trial, to charge the jury, that if the defendant (plaintiff in error) went into possession of the land as his own, with the understanding that the lessor of the plaintiff should execute to defendant's wife a conveyance, that does not constitute him tenant at will of the plaintiff, and does not prevent the statute of limitations from running.

It is by no means clear, that the evidence in the cause warrants the charge ; but the request is inconsistent with itself, for the defendant could not enter into possession of the land as his own, while he acknowledged the title out of him by stipulating that a conveyance should be executed to his wife by the person claiming title. But the request is substantially wrong, and ought not to have been given in charge to the jury, for "a party who has been let into the possession of land under a contract of sale, or for a letting which has not been completed, is a tenant at will of the vendor." Ball vs. Cullimore, Withers et al, 2 Mason, Cr. Ros. Excheq'r Rep. 122. Dunb. vs. Hunter 7 Com. L. Rep. 115. The request implies, that the title to the land was in the lessor of the plaintiff, and that a conveyance was necessary to pass it out of him. If the defendant entered under a contract of any sort for a title, the statute of limitations could not begin to run in his favor until he repudiated the contract, and claimed to hold in defiance of plaintiff's title, and the plaintiff's knowledge of such adverse holding.

The Court charged the jury, that if the defendant, previous to the year 1852, took possession of the land, claiming it as his own, and kept that possession, and continued that claim for seven years, the defendant acquired a good statuto-

ry title, and the jury ought to find for the defendant. This charge is certainly as favorable to the defendant below, under the evidence in the record, as he could have asked. But the Court proceeded to charge the jury further, that if the defendant took possession of the land under a promise from the plaintiff to execute a conveyance to the defendant's wife and children, the statute would not run until the plaintiff had notice that the defendant claimed the land in hostility to the plaintiff, and this charge is also assigned as error. We are in a Court of law, and the cause must be decided on legal principles. We express no opinion upon the right of the defendant below, and his wife, if he can establish satisfactorily, a contract of the sort alluded to in this charge, and that he entered, and made the improvements under that contract, which are testified to by some witnesses, as stated in the record, to have said contract executed. But the contract, as here stated, a promise to execute a conveyance to the defendant's wife and children, admits the legal title to the land to be in the lessor of the plaintiff, and if the defendant took possession of the land under such promise, he recognized the title under which he entered, and the statute cannot run in his favor until he gets clear of the force and effect of that recognition, by assuming an adversary position to it, with notice to the party under whom he entered. We think, therefore, that in no aspect in which we have been able to view this case, under the proofs before us, can the plaintiff maintain either a title or possession, under the statute of limitations.

Judgment affirmed.