## MILLER VS. LARSON.

One who enters upon land under a contract of purchase is estopped from denying the title of his vendor so long as he retains possession under the contract.

A general denial of the plaintiff's title to land in controversy is overcome by a special answer which admits that title by showing that the defendant entered into the land and still holds possession under a contract with the plaintiff for its purchase.

APPEAL from the Circuit Court for *Winnebago* County.

The complaint in this case stated that the plaintiff was the owner in fee of a certain tract of land; that the defendant was in possession of it; that the plaintiff had served upon the defendant a notice in writing requiring him to deliver up the possession forthwith; that the plaintiff was entitled to the immediate possession of the premises; and that the defendant unlawfully and wrongfully withheld the same. Plaintiff demanded judgment that the defendant deliver up the premises, &c.—The answer denied the plaintiff's title; admitted the defendant's possession, and service of notice to quit; and, for a further defense, alleged that the defendant entered into possession of the land under a contract with the plaintiff for its purchase (the terms of which are set out), and that he had on his part complied with the contract.—On the trial, the plaintiff offered certain documentary evidence of his title, which, upon objection by the defendant, was excluded by the court, and rested. The court asked the plaintiff's counsel if he would withdraw a juror and continue the cause, or take a nonsuit; to which the counsel replied that they did not wish to withdraw a ju

ror, and supposed they would have to submit to a nonsuit; and the court directed a judgment of nonsuit to be entered.

*Whittemore & Weisbrod*, for appellant.

*George Gary*, for respondent, contended, among other things, that the nonsuit was voluntary.

*By the Court*, DIXON, C. J. No question of title is presented by this case. The defendant answers that he was let into possession under an executory agreement for the purchase of an undivided half of the premises from the plaintiff. That agreement has not yet been executed. Until it has been, by the making and delivery of a proper conveyance, or until the title is passed by the judgment of a court of equity, the defendant is in no position to dispute the plaintiff's right at law. The relation of vendor and purchaser under an executory contract of sale is so far in the nature of a tenancy, that the purchaser is estopped from denying the title of the vendor so long as he retains possession under the contract. This doctrine is well settled. *Lawton vs. Howe*, and cases cited, 14 Wis., 247; *Jackson vs. Bard*, 4 Johns., 230; *Jackson vs. Ayers*, 14 id., 224; *Jackson vs. Camp*, 1 Cow., 610; *Jackson vs. Johnson*, 5 id., 92; *Jackson vs. Walker*, 7 id., 637; *Bowker vs. Walker*, 1 Vt., 18; *Richardson vs. Broughton*, 2 Nott & McCord, 417; *Williams vs. Cash*, 27 Ga., 507; *Woolfolk vs. Ashby*, 2 Metcalfe (Ky.), 288. The answer showing that the defendant entered and held under such a contract, no proof of title on the part of the plaintiff was required. In *Jackson vs. Ayers*, the recovery by the plaintiff in ejectment was sustained upon the agreement entered into for the purchase between the plaintiff and the defendant, which was the only evidence offered. Here the agreement is shown by the answer, the burden of establishing, which is upon the defendant, and is in the nature of an action for specific performance upon the equity side of the court. If the defendant succeeds in establishing the agreement in equity, and likewise shows performance as averred in the answer, title

will follow accordingly, and his defense become complete; otherwise the plaintiff must prevail.

It is true that the answer contains a general denial of the plaintiff's title, but that denial is overcome by the special answer, which admits the right of the plaintiff by showing the circumstances under which the defendant entered. *Sexton vs. Rhames*, 13 Wis., 99.

Judgment reversed, and a new trial awarded.