### EATON vs. TALLMADGE and others.

FORECLOSURE: *Rights of mortgagor who has paid incumbrance— What title the vendor and mortgagee of land takes, as purchaser at foreclosure sale.*

1. Where the vendor of land, who has taken back a mortgage for the purchase money, purchases at the sale on foreclosure thereof, he takes the whole title of the mortgagor at the commencement of the foreclosure action, including his title under a deed to a third party for taxes which the vendor was bound to pay.

2. The mortgagor in such a case (with covenant against incumbrances), may counter-claim in the foreclosure action what he was compelled to pay for the tax title, not being more than the purchase money.

ERROR to the Circuit Court for *Fond du Lac* County.

Ejectment. *Eaton* (plaintiff below) introduced in evidence a tax deed to one Loomis, dated April 24, 1862, founded on the tax sale of 1859; a quitclaim deed from Loomis to one Knapp, dated June 24, 1862; a warranty deed from plaintiff to Knapp, dated August 26, 1859; a mortgage from Knapp to plaintiff, of same date, without covenants of warranty—all covering the land in dispute; also the judgment roll in the case of the same plaintiff against Knapp and one Foster, for the foreclosure of said mortgage, the sheriff's deed to him as purchaser at the foreclosure sale, and the confirmation of said sale. It appeared that the defendants below occupied the land at the commencement of the action, and *Tallmadge* claimed to own it; and that Knapp occupied the land for several years commencing sometime in 1859, previous to which it was unoccupied.

The court instructed the jury to find for defendants, because the deed to Loomis vested the title in him, and that it did not pass by the foreclosure sale and deed to the plaintiff, whose duty it was to have protected the title of Knapp. Verdict and judgment accordingly; and *Eaton* took his writ of error.

*R. P. Eaton*, in person.

*Edward S. Bragg*, for defendant in error.

COLE, J. From the charge of the court to the jury, we infer that it appeared from the evidence adduced on the trial, that the title of Loomis under the tax deed dated April 24th, 1862, became vested in Knapp before the commencement of the foreclosure suit. The court seems to

assume this to be the fact, and it was doubtless so. The question then arises, Would that title pass to the plaintiff by virtue of the foreclosure proceeding? The court instructed the jury that it would not, because it was the plaintiff's duty to have protected the title of Knapp, and that it was in consequence of the plaintiff's laches that this tax deed matured. The case shows that the plaintiff conveyed the land to Knapp by warranty deed in August, 1859; taking back the mortgage which was susequently foreclosed. The land had been sold for taxes before this conveyance. But that tax title had become vested in Knapp, the mortgagor, before the commencement of the foreclosure action, and, we suppose, passed to the purchaser at the sale upon the judgment. Now it was undoubtedly the duty of the plaintiff to remove this tax incumbrance existing at the time he made his conveyance. And he was guilty of a breach of the covenant of warranty against incumbrances in not doing so. But what is the consequence if the covenantor does not remove the incumbrance, and it is extinguished by the covenantee? Nothing is better settled than the doctrine that in such a case the covenantee may recover, in an action to foreclose a mortgage given for the consideration money, the amount he has paid to discharge the incumbrance; and in this way he recovers full compensation for the injury resulting from the incumbrance. Or he may under certain circumstances resort to his remedy on the covenants. But there is evidently no necessity for the covenantee resorting to his common law action to obtain indemnity, where there is a mortgage outstanding for the consideration money exceeding in amount what he has been compelled to pay to remove the incumbrance. For his remedy in the foreclosure action would be ample. In the foreclosure suit, Knapp might have set up, by way of counter-claim, the amount he was compelled

to pay to buy in the tax title. As the foreclosure record is not before us, we are unable to determine whether he did this or not. But certainly he might have been allowed in that action the amount of the incumbrance. Now, upon what principle can it be said that Knapp's title, derived through the tax deed, did not pass to the purchaser at the foreclosure sale? As a general rule, the effect of a foreclosure and sale of mortgaged property is, to transfer to the purchaser the interest of the mortgagor in the premises when the suit is instituted. We perceive no reason why that effect must not be given to the foreclosure suit in this case. The circuit court held that the subsequent title acquired by Knapp under the tax deed would not pass to the purchaser, because it was his duty to have redeemed the tax certificate. It was undoubtedly his duty to do this; but, although he neglected to do it, this would not preclude him from taking at the foreclosure sale whatever interest Knapp or his grantee had in the premises when the foreclosure action was commenced.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial ordered.