Charlotte C. Reckhow, Respondent, v. Elijah C. Schanck et al., Appellants.

A tenant at will has no estate that can be granted by him to a third person, and one who enters on land under a lease or assignment from a tenant at will, is a disseizor, and is liable in trespass at the option of the landlord. The same rule applies to a tenant by sufferance.

Accordingly, in an action of ejectment, where one of the defences urged was that the defendants were the lessees, and had succeeded to the possession of tenants at will of the plaintiff, and had received no notice to quit under the statute,—*Held*, that the facts did not constitute them either tenants at will or by sufferance, and no notice to quit to them was necessary.

(Argued December 21st, 1870; and decided January 24th, 1871.)

Appeal from a judgment of the late General Term of the Supreme Court in the second district, affirming a judgment in favor of the plaintiff for the recovery of certain lands in Long Island City, entered upon a verdict of a jury rendered at the Queens county circuit on the 15th of April, 1867.

The action was ejectment. It appeared that the plaintiff, a married woman, had a title to the premises through a conveyance from the trustees of Union College, dated March 19th, 1864. That her husband and the defendant, Hudson, were partners in the "canning" business, under the name of Reckhow & Hudson, and occupied the premises for the purpose of carrying on this business from 1864 to 1866, when the defendant, Hudson, leased them to the defendants, Schank and Romain, by a written lease, who entered and held possession against the plaintiff at the commencement of the action. The evidence tended to show, that the occupation by Reckhow & Hudson, was by the permission and assent of the plaintiff.

Evidence was offered by the defendants and excluded, to show that the purchase of the lands was really made by the firm of Reckhow & Hudson; that they had erected buildings and machinery on the premises for the purposes of the business;

that the deed was taken in the name of the plaintiff by the
consent of both partners to be held in trust for the benefit of
the firm.   That the firm went into possession as owners,
and not only executed the lease to Schanck & Romain, but
also mortgaged the building to them.

At the close of the evidence the defendants moved for a
nonsuit on the ground, among others, that even if the plain-
tiff had established any title to the premises, " the facts elici-
ted showed that the defendants were tenants at will of the
premises, or at least tenants at sufferance, and entitled to
notice to quit" under the statute, before ejectment could be
maintained.

The court denied the motion, and directed a verdict for the
plaintiff.   This disposition of the case was held by the
General Term to be correct.   The defendants appeal here.

*Man & Parsons* for the appellant, that when the relation
of landlord and tenant is once established, it attaches to all
who succeed to the possession through or under the tenant,
cited *Jackson* v. *Davis* (5 Cow., 123) ; *Jackson* v. *Harsen* (7
id., 323).   That the evidence as to the occupancy of Reck-
how & Hudson, showed them to be tenants at will of the
plaintiff, they cited *Doe* v. *Wood* (14 Mees. & Wels., 682);
*Parker* v. *Constable* (3 Wil. R., 25); *Right* v. *Beard* (13
East, 209 ; *Jackson* v. *Wheeler* (6 Johns., 272).   That when-
ever there is a tenancy at will or by sufferance, the party is
entitled to one month's notice to quit, they cited 1 Revised
Statutes, 745, § 77; *Livingston* v. *Tanner* (14 N. Y., 64,
67); *Torrey* v. *Torrey* (id., 430).   And so before the Revised
Statutes, one entering by the permission of the owner, enti-
tled to reasonable notice to quit.   (4 Kent, 114, and cases
cited; *Jackson* v. *Bryan*, 1 Johns., 322 ; opinions of KENT,
Ch. J., SPENCER and TOMPKINS, JJ.)

*George G. Reynolds* for the Respondent.

ALLEN, J.   The defendants ask a reversal of the judgment
below, solely upon the ground that they were tenants of the

premises at will or by sufferance, and entitled to the statutory notice to quit accorded to tenants of that character. (1 R. S., 745, § 7.)

The title of the plaintiff and her right to the possession are not now otherwise disputed. Other objections and exceptions made and taken upon the trial are abandoned.

It is not claimed that the relation of landlord and tenant betwen the plaintiff and defendants was created or exists by convention of the parties. There is no evidence that the plaintiff ever recognized the defendants as her tenants, or that the defendants, at any time before or after the commencement of the action, acknowledged the title of the plaintiff, or recognized her as their landlord, or the relation of landlord and tenant as in any way existing between them.

The defendants sought to defend their possession under a lease from third persons, and in hostility to the plaintiff's title ; but failing in that, at the close of the evidence asked for a nonsuit on two grounds : 1st. That the plaintiff had not established a sufficient title to the premises to entitle her to recover; and 2d. That if she had, the facts elicited showed that the defendants were tenants at will of the premises, and were at least tenants at sufferance, or entitled to the notice to quit, by the statute in such case made and provided. The defendants now claim that their lessors were tenants at will, or by sufferance of the plaintiff, and that they, by the act and assent of such tenants having acquired the possession of the premises, have thereby become and are the tenants of the plaintiff, holding by the same tenure and entitled to the same notice to quit as those to whose possession they have succeeded. Assuming that the case establishes the relation of landlord and tenant between the plaintiff and Reckhow & Hudson, under whom the defendants claim to have acquired the possession and right of possession, which is by no means clear, the result claimed by the defendants by no means follows. A tenant at will is disqualified from granting a lease available against any one but himself; for the demise would amount to a termination of the will, and it would be optional

with the landlord to regard the entry of the lessee of the tenant at will as a disseizin. (1 Platt on Leases, 104.) The same rule holds as to a tenant by sufferance. (Id., 122.) The yielding of the possession of the premises terminates the original tenancy, and a new tenancy at the will of the owner cannot be created except by his or her assent. Every lease at will is at the will of both parties, and a tenant at will has no certain and indefeasible estate; *nothing that can be granted by him to a third person.* If a tenant at will assigns over his estate to another who enters on the land, he is a disseizor, and the landlord may have an action of trespass against him. (1 Greenleaf Cruise, 278; *Campbell* v. *Proctor*, 6 Greenleaf. R., 12.) A tenancy by sufferance, existing only by the laches of the owner, cannot give the occupant an estate or interest capable of transmission to another. At common-law, a tenant at sufferance is not entitled to notice to quit. There is no evidence that the plaintiff assented to the occupancy of the defendants, or that she had any knowledge of such occupancy prior to the commencement of the action. It is undoubtedly true that when the relation of landlord and tenant is established, it attaches to all who may succeed to the possession through or under the tenant; but this cannot apply to tenancies that are terminated by the very act of transmission of the possession. The defendants have not shown any permission from the plaintiff to enter upon the premises, and they were therefore trespassers, and not entitled to notice to quit.

The judgment should be affirmed.

All the judges, except ANDREWS, J., absent, concurring.

Judgment affirmed.