LEWIS KUNZIE, SURVIVING ADMINISTRATOR OF THE ESTATE OF JOHN S. ADAMS· v. ISAAC WIXOM.

*Ejectment by administrator—Tenant at ˙ sufferance—Estoppel— Notice to quit.*

An administrator can bring ejectment for land which he has acquired by the foreclosure of a mortgage left by his intestate.

A tenant at sufferance is one who entered under lawful title and holds over without right and by reason of his landlord's *laches* after the termination of his interest.

The notice to quit to which a tenant at sufferance is entitled cannot be claimed by one who has asserted any title that directly or impliedly negatives the right to put an end to his interest.

Error to Genesee.  Submitted June 19.  Decided October 22.

EJECTMENT.  Plaintiff Kunzie brings error.

*William Newton* for plaintiff in error.

*J. L. Topping* and *A. C. Baldwin* for defendant in error.  An administrator has nothing to do with his intestate's realty, Williams on Executors, 650; for statutes relating to his powers over the lands, see Rev. Stat. 1838, p. 285, § 7; pp. 311, 312, § 1 et seq.; Act 62 of 1843; Rev. Stat. 1846, p. 288, § 7; Comp. L., 1857, § 2904; Comp. L., 1871, § 4407; Act 147 of 1873; Act

203 of 1875; Act 138 of 1877; the plaintiff in ejectment must have a valid subsisting interest in the premises, Comp. L., § 6206, and must allege that he was possessed of them, id., § 6210; seizin differs from possession, *Lull v. Davis*, 1 Mich., 77; *Doe v. Thomas*, 4 Scott N. R., 449; as to the administrator's powers and duties see *In re Place*, 1 Redf. Sur., 276; as to tenancy by sufferance see *Allen v. Carpenter*, 15 Mich., 25; *Bennett v. Robinson*, 27 Mich., 26.

GRAVES, J. At his death the decedent, Mr. Adams, held a mortgage on real estate which one Miriam Adams had given to him in December, 1869, and his administrators foreclosed it by proceedings at law and bid in the premises.

The sale took place in April, 1874, and became operative in April 1875, and nearly two years later this ejectment was brought against Wixom to reduce the premises to possession. A verdict was returned in his favor by direction of the court, and the surviving administrator alleges error. The ruling now impugned was based on the idea that in remodelling section 7 of ch. 71 of the Rev. Stat. of 1846 the Legislature had deprived the administrators of all discretionary power to enter and take possession of lands belonging to the estate whenever and however acquired, and hence had disabled them from maintaining ejectment for the land in question. This view is a misconception of the bearing of the particular provisions and legislation mentioned.

In no instance during the legislative mutations on the subject, has this branch of the chapter been applicable to lands bid in by executors and administrators on mortgages and executions. It relates to real estate left by the testator or intestate and existing originally as real assets and to be catalogued in that way in the inventory, and to be held and managed as lands descended or devised.

For many years prior to 1871 the law interposed

against any peremptory claim by heirs and devisees to have possession, and empowered executors and administrators to control the possession and the rents, issues and profits from the death of the testator or intestate until settlement, or until the probate court should order them to yield to the heirs or devisees. But since that time there have been repeated changes in regard to the respective possessory rights for the time being of the legal representatives on the one hand and of the heirs and devisees on the other, over these lands so left by the testator or intestate. The inaptness of the legislation to lands acquired in the course of administration,— to lands obtained in the progress of converting personal securities to cash,—to lands the testator or intestate never owned and which could not descend or be devised, would seem to be quite plain.

Special provisions are made in regard to lands bid in on foreclosure (Comp. L., §§ 4412, 4413, 4414, 4415), and the statute attaches a character to such lands entirely distinct from that recognized as belonging to lands left by the deceased. For many purposes they are regarded as personal estate. The executor or administrator holds the mortgage as personal property, and is empowered to foreclose it and to bid in the premises and receive conveyance, and in case the land is not required to satisfy liabilities of the estate, it must be assigned and distributed, not as realty, but as personalty, that is, "to the same persons, and in the same proportions as if it had been part of the personal estate of the deceased." In the mean time the executor or administrator stands "seized of the same" for those who would have been entitled to the money the mortgage called for, and unless the legal representative is entitled to possession the premises must remain open and unprotected and exposed to the intrusions of any who may choose to enter, since the law has not vested the right of possession even contingently in any one else. We think the effect of these provisions is to give the right

to the representatives, and that there is no room for objecting against its enforcement. *Reynolds v. Darling,* 42 Barb., 418.

But the defendant contends that the failure of his general objection is not sufficient to defeat the judgment. He takes the ground that he was tenant at will or by sufferance and that as no notice was given to terminate the tenancy, the suit was for that reason defective. It seems unnecessary to go far to refute this position. The facts in the record are sufficient. There is no possible foundation for any theory of a tenancy at will. On the contrary the circumstances disprove it. Did the defendant so occupy as to entitle him to contend that he held in character of tenant by the plaintiff's sufferance?

Now a tenant at sufferance is one who having entered under a lawful title holds over without right and by reason of the laches of his landlord, after the termination of the interest. And in order that the occupant may assert and maintain against the supposed landlord that his holding is at the latter's sufferance it is essential that he do not ground his retention of possession upon a contrary theory and hostile basis.

If the keeping of the possession is upon a claim which directly or by implication repels or negatives all right of the plaintiff to put an end to it, it involves a negative upon any right of the tenant to insist that his holding is on terms permitting the plaintiff to expel him, and he cannot elect to be considered as tenant by sufferance. Turning to the record and it appears too plain to admit of question that the defendant holds this very position, and refusing to recognize any right of possession in the plaintiff, endeavors to defend his own possession by setting up an inconsistent and hostile ownership.

The premises were originally granted to him subject to the mortgage held by the estate, and another some three days older, and upon his agreement to pay both as

part of the purchase price, and having failed to pay the mortgage given to decedent he sets up a title derived from the prior mortgage to protect his possession and defeat the action brought against it. Nothing could be more inconsistent than to permit him in these circumstances to shift his ground and insist that he ought to have had the notice which the statute prescribes for terminating tenancies by sufferance. Having repudiated the conditions essential to that tenancy and set up an adverse claim he must submit to the consequences. Notes to *Taylor v. Horde*, 2 Smith's Lead. Cas., 478; 1 Washb. Real. Prop., ch. 12, § 1; 4 Kent's Com., 116 et seq.; 1 Wheat. Selw., 721; Buller's Nisi Prius, 96; *Doe v. Williams*, 2 Cowp., 621; *Doe on dem. of Souter and others v. Hull*, 2 Dow. & Ry., 38; *Doe on dem. of Gray v. Stanion*, 1 M. & W., 695; *Cripps v. Blank*, 9 Dow. & Ry., 480; *Tew v. Jones*, 13 M. & W., 12; *Jackson v. Chase*, 2 Johns., 84; *Jackson v. Deyo*, 3 Johns., 422; *Reckhow v. Schanck*, 43 N. Y., 448; *Willison v. Watkins*, 3 Pet., 43.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.