# Wright *v.* Graves.

### *Action for Damages, for Breach of Lease Contract.*

1. *Written conveyance not varied by parol reservation.*—A deed absolute in its terms, passes a fee simple estate *in præsenti*, taking effect on delivery ; and its legal effect can not be varied by a reservation in parol, so as to make the estate conveyed commence *in futuro.*

2. *Tenancy at will.*—A parol gift of lands, or an unexecuted parol contract of purchase accompanied with possession, creates a tenancy at will.

3. *A lease made with a tenant at will* constitutes the person making it, when let into possession, a sub-lessee who is precluded to deny the right or title of his lessor at the time of making the lease ; but, if not let into possession, he may show that the contract of lease is invalid because unsupported by a sufficient legal consideration.

4. *Tenancy by sufferance.*—A tenant for life can not make a lease to continue longer than his own estate, unless the remainderman joins. If the lessee of the tenant for life is in possession at the time of his death, and continues to hold over, he becomes a tenant by sufferance ; but, if the lessee is not in possession, or does not hold over, a mere recognition of a lease previously made does not constitute such tenancy.

APPEAL from Montgomery City Court.

Tried before Hon. T. M. ARRINGTON.

[Wright v. Graves.]

This action was brought by Henry T. Graves against John D. Wright to recover damages for the breach of a lease contract entered into by and between the defendant and one W. D. Graves. The facts, as they appear by the bill of exceptions, are, substantially, that on 17th day March, 1883, W. D. Graves conveyed a tract of land, of which the land in controversy is a part, to Henry T. Graves, the plaintiff, absolutely in fee, reserving therein, by parol, a life estate for himself and his wife. On the 8th September following, W. D. Graves leased the premises to John D. Wright, the defendant, for the year 1884, who undertook to make certain improvements and repairs thereon. In December, 1883, Wright notified W. D. Graves that he would not take the place, and the evidence shows that he never entered upon the possession. W. D. Graves died in possession of the premises in August, 1884.

The contention of the plaintiff is that the covenants to repair, entered into by the defendant, run with the land, and that as reversioner he can maintain an action for their breach.

The defendant demurred to the complaint on the following grounds: 1. That it appears from the complaint that the obligations and agreements of this defendant set forth therein, were without consideration. 2. Because said complaint seeks to incorporate an alleged contemporaneous parol agreement upon a written instrument. 3. Because it appears from the complaint that said alleged contract was made and entered into with one W. D. Graves, and it is not shown that said contract was ever assigned to the plaintiff, or that he has any right to sue thereon. 4. Because it appears from the complaint that W. D. Graves had no power to execute a lease to the premises therein described, and hence there was no consideration for defendant's obligations and agreements. The court overruled the demurrers, and the defendant excepted. Upon the submission of the case to the jury, the plaintiff requested the affirmative charge: "If the jury believe the evidence they must find for the plaintiff," which was given by the court, and to the giving of which, the defendant excepted. The defendant asked the court to charge that, "if the jury believe the evidence they must find for the defendant," which charge the court refused to give, and the defendant excepted. Verdict was for the plaintiff, and the defendant takes this appeal, assigning for error the overruling of defendant's demurrers, the giving of the charge requested by the plaintiff, and the refusal to give the charge asked by the defendant.

STRINGFELLOW & LEGRAND, for appellant.—1. There was no consideration for the promises of the defendant. Those promises were given to W. D. Graves for the right to the
27

[Wright v. Graves.]

possession of the premises named in the lease contract, for the year 1884, at a time when W. D. Graves had no interest in said land, except a tenancy at will, and no right to contract for the delivery of possession to the defendant.—*Collins v. Johnston*, 57 Ala. 307. 2. The plaintiff has shown no right to maintain this suit. The contract was made with W. D. Graves, not with the plaintiff; there is no privity shown between the parties; no assignment of the lease contract, either actually, or by operation of law. The defendant never went into possession of the premises. The plaintiff was not the assignee of a reversion to which rent is incident. The possible reversion, if any reversion at all, was destroyed by the death of W. D. Graves before the expiration of the term of the lease. 3. The parol reservation of the life estate, if valid, was for the life of W. D. Graves, and *his wife;* and the evidence shows that the wife still survives. The tenancy at will has never terminated. Teidman on Realty, § 213; 1 Wash. on Realty. There is a fatal variance between the complaint, which avers a life estate in W. D. Graves and the evidence which shows a life estate reserved to W. D. Graves and his wife. *Washington v. Timberlake*, 74 Ala. 262; *McMillan v. Otis*, 74 Ala. 560.

WILLIAMSON & HOLTZCLAW, *contra*, cited 14 M. & W. 682; 47 N. H. 320; 9 John. R., 267; 4 Kent. Com., 113; 1 Lid., 339; Taylor L. & Ten.

CLOPTON, J.—The deed, which was executed by W. D. Graves and wife in March, 1883, conveys to the plaintiff a fee simple estate to commence *in præsenti*. The parol reservation of a life estate, whether prior to, or cotemporaneous with the execution of the absolute conveyance, was merged in it, and the deed took effect as an operative conveyance according to its terms from the time of its delivery. Its legal effect can not be varied or qualified by a reservation in parol, so as to make the estate conveyed commence *in futuro*. On the execution of the conveyance, the plaintiff was entitled to immediate possession, without condition or reservation.— *Williams v. Higgins*, 69 Ala. 517. Such are the effect and operation of the deed, and it is not competent to limit the words of grant, or postpone the enjoyment of the estate vested, by evidence resting in parol.

A parol gift of lands, or an unexecuted parol contract of purchase, creates a tenancy at will. *Collins v. Johnson*, 57 Ala. 304; *Jackson v. Rogers*, 2 John. Cas. 33; *Jones v. Jones*, 2 Rich. (S. C.) 542. Where the remainderman resided on lands, under a verbal agreement, that he and the life tenant should live together, and cultivate and carry on the farm, it

was held, that the remainderman was a tenant at will.—*Leavitt v. Leavitt*, 47 N. H. 329. A tenancy at will may generally be regarded as created by implication of law, where a person, without a freehold interest or a definite term, enters into the possession of lands with the assent of the owner, and remains in possession by his permission and at his will, under circumstances, which do not create a tenancy by sufferance, or from year to year. The parol reservation of a life estate by W. D. Graves, being revocable, and subject to disaffirmance by the plaintiff, constituted him a tenant at will, so long as· he continued in possession.

If the defendant had been let into possession, under the lease, by the tenant at will, he would have become a sub-lessee, and would have been precluded to deny the right or title of his lessor at the time of making the lease. But in *Crim v. Neems*, [present term], we held, if the tenant was not let into possession, he was not estopped from showing, that the contract of lease is invalid, because unsupported by a sufficient legal consideration. The contract of lease was made in September, 1883. In November or December, thereafter, the defendant declined to carry out the contract, and to take possession of the leased premises, which were a part of the lands conveyed by the deed to plaintiff; and was never let into possession. Ordinarily, a tenancy at will is not assignable, and making a lease terminates it. The owner may elect to treat the lease as a termination of the tenancy, or to permit the lessee to enter and remain in possession, thus constituting him a tenant at will; but it is a new tenancy, to the creation of which possession is requisite *Cook v. Cook*, 28 Ala. 660; *Reckhow v. Schanck*, 43 N. Y. 448. At the time of the making of the lease, the lessor, being himself a tenant at will, had no interest or estate in the lands, which he was capable of conveying, or out of which to create any estate or right in the defendant, available against the plaintiff. Had he entered into possession under it, he would have a disseizor, unless the plaintiff elected otherwise. "Rent being an equivalent for an interest enjoyed, a covenant for its payment can not be enforced, if no estate passed under the lease, and the tenant has not occupied the premises; since there is no legal consideration for the engagement."—Tay. L. & T., § 384.

But it is urged, that inasmuch as the lessor of the defendant was permitted by the plaintiff to receive the rents and profits of the lands during his life, and the parol reservation executed, the rights of the plaintiff should be considered the same, as if the reservation of a life estate had been valid in its origin. While it seems, that the liability of defendant should depend on the *status*, condition and rights of the parties at the time

[Wright v. Graves.]

the agreement to lease was made, there having been neither a full nor part performance ; if it were conceded, that the reservation must be regarded as valid from its inception, and as operative to carve out a life estate, the title of the plaintiff to a recovery on the covenant of lease would not follow.    A tenant for life can not make a lease to continue longer than his own estate, unless the remainderman joins.    If the lessee of the tenant for life is in possession at the time of his death, and continues to hold over, he becomes a tenant by sufferance.    By acceptance of rent from him, or by other conduct, the remainderman may recognize him as a tenant from year to year ; but if the lessee is not in possession, or does not hold over, a mere recognition of the validity of a lease previously made does not constitute a tenancy by sufferance or other tenancy.—Tay. L. & T., § 113.    The defendant never having occupied the leased premises owed no fealty to the plaintiff.    There is no evidence that the defendant ever acknowledged the title of the plaintiff, or held in subordination to it, or ever recognized the existence of the relation of landlord and tenant between them.    There is no privity of contract, and the death of the tenant for life does not operate an assignment of the covenants of lease.    His personal representatives may be entitled to recover the rent due by the contract up to the time of his death ; but the right of the plaintiff as remainderman does not arise, or spring from the lease made by the tenant for life ; but from a continued occupation by the lessee.—*Austin v. Thompson*, 45 N. Y. 114. Neither is the plaintiff authorized to maintain the suit as on covenants running with the land, since he is not assignee of the lessor, or if assignee, did not become so until the lease had been terminated by the death of the lessor.—*Andrews v. Pearce*, 1 N. R. 158 ; *Williams v. Burrell*, 1 C. B. 402.    From the facts stated in the bill of exceptions, it can not be affirmed as matter of law, if a valid reservation of a life estate be conceded, that the defendant was tenant of the plaintiff, or that the plaintiff has a right to maintain an action in his own name on the covenants of lease.

Moreover, if it were conceded that there was a valid reservation of the life estate, and the right of the plaintiff to sue on the contract upon the termination of the life estate was also conceded, the reservation, as shown by the evidence, was for the grantor and his wife.    The death of the wife is not shown, and hence it does not appear that the particular estate has fallen in.

The court erred in the ruling on the answer to the complaint, and in the charge given.

Reversed and remanded.