MARTIN WOLF v. THOMAS HOLTON.

*Ejectment—Estoppel—Evidence—Improvements.*

1. A defendant in ejectment who entered into possession of the land under an arrangement with the acting guardian of the minor owners for its purchase, which was never consummated, is estopped from disputing the title of the minors or of their grantee.

2. Evidence of an outstanding tax title in a third person is inadmissible in such a case; citing *Falkner v. Beers*, 2 Doug. 117.

3. How. Stat. § 7836, which allows a defendant in ejectment compensation for improvements where he has been in the actual, peaceable possession of the premises recovered by the plaintiff for six years prior to the commencement of the suit, or if he shall have so occupied them for a less period under a color of title and in good faith, cannot be invoked in behalf of one who enters as a tenant, and has made the improvements in the absence of any assertion of an adverse holding; citing *Paldi v. Paldi*, 84 Mich. 346.

4. Where a defendant in ejectment sets up as a defense an adverse possession for a period that would bar the plaintiff's right of action, the plaintiff need not prove the service of notice to quit before bringing suit; citing *Kunzie v. Wixom*, 39 Mich. 384.

Error to Gratiot. (Daboll, J.) Argued April 20, 1892. Decided June 10, 1892.

Ejectment. Defendant brings error. Affirmed. The facts are stated in the opinion.

*C. W. Giddings,* for appellant.

*Stone & Mathews,* for plaintiff.

McGRATH, J. This is ejectment to recover five-sixths of a certain strip of land containing 11 acres, set off in certain partition proceedings to the heirs of Leonard Partello, who died in 1863 or 1864 leaving six minor children, from whom plaintiff claims under conveyances made after the heirs had attained their majority. Defendant had purchased parcels each side of this strip, which in the same proceedings had been set off to other parties, and went into possession thereof in 1872, and claimed, in a notice attached to his plea, title by adverse occupation. This suit was commenced in 1889. There were no buildings upon this disputed parcel.

One Elery Foot testified that he had been appointed guardian of the minor heirs of Partello in 1866, at which time the youngest was between six and eight years of age; that he acted as such during the minority of the children; that in 1871 defendant came to him and represented that he was about to purchase the adjoining parcels of land, and before doing so desired to know if this parcel was in shape so that he could rent it in case he bought the other parcels, and Foot said to him that he would rent to him by the year; that defendant went into possession under this arrangement, and at different times paid rent; that defendant talked about buying the land, and Foot told him that he thought it could be sold, but after seeing the judge of probate, and after defendant had gone into possession, Foot told defendant that the land could not be sold; that the land was then unimproved. The only record evidence of Foot's appointment as guard-

ian which could be obtained, or that was offered, was the bond given by Foot.

Defendant denies that he rented the land, or that he paid any rent, but claims that he went into possession under an arrangement with Foot for the purchase of the parcel, but that Foot, within a year afterwards, told him that the land could not be sold. It is quite clear that defendant then understood that the land belonged to the Partello heirs; that Foot was acting as guardian, and as such had possession and control of this parcel of land; that defendant's negotiations for possession or purchase were with Foot as guardian, and that defendant obtained possession through Foot. The court very properly held that, under these circumstances, defendant was precluded from disputing the title of the minors or their grantee, and directed a verdict for plaintiff.

The rule that the lessee cannot dispute his landlord's title extends to one who takes possession under a contract of purchase. Wood, Landl. & Ten. § 236; *Dubois v. Marshall*, 3 Dana, 336; *Love v. Edmonston*, 1 Ired. 152; *Williams v. Cash*, 27 Ga. 507.

Numerous questions were raised as to the sufficiency and competency of the proofs offered to show Foot's guardianship, and the capacity in which he dealt with defendant, but it is unnecessary to consider them. Foot was in possession and control of the land, representing the heirs. It was as such representative that defendant dealt with him.

Defendant sought to show an outstanding tax title in a third person, but this was properly excluded. *Falkner v. Beers*, 2 Doug. 117.

Defendant made a claim for improvements, but the statute cannot be invoked in behalf of one who enters as tenant, and has made the improvements in the absence of any assertion of an adverse holding. *Paldi v. Paldi,*

84 Mich. 346. It was held in *Leslie v. Smith*, 32 Mich. 64, that a tenant could not recover for repairs made, except under a distinct agreement with like elements of certainty as are essential to any other contract.

Defendant's next claim was that he was entitled to notice to quit. The defense set up, of adverse possession, for a period that would bar the plaintiff's right of action, was inconsistent with a tenancy, and it was not necessary for plaintiff to prove notice before bringing this suit. *Williams v. Cash*, 27 Ga. 507. As was said by GRAVES, J., in *Kunzie v. Wixom*, 39 Mich. 384:

"Having repudiated the conditions essential to that tenancy, and set up an adverse claim, he must submit to the consequences."

There is no error in the record, and the judgment is affirmed, with costs to plaintiff.

LONG, GRANT, and MONTGOMERY, JJ., concurred. MORSE, C. J., did not sit.