J

·CURRAN *v.* BANKS.

LAND CONTRACT—OUTSTANDING TITLE—PURCHASE BY GRANTEE—
ASSERTION AGAINST GRANTOR.

One in possession of land under contract of purchase cannot
defeat a bill for specific performance by showing himself to
be the owner of a tax title upon the land, based on taxes
which were unpaid at the time the contract was executed,
since the doctrine that a lessee cannot dispute his landlord's
title extends to purchasers in possession under contract.

Appeal from Van Buren; Smith, J. Submitted January 12, 1900. Decided April 3, 1900.

Bill by James Curran against William H. S. Banks, Benjamin Smith, Jane Smith, and Cora M. Shakespeare for the specific performance of a land contract. From a decree for complainant, defendants Banks and Benjamin Smith appeal. Affirmed.

*Johnson & Wicksall*, for complainant.

*Anderson & Chase*, for appellants.

LONG, J. This bill was filed for the specific performance of a land contract made in 1895 between defendant Banks and complainant. The agreed price for the land was $650, payable on or before August 1, 1895. Banks went into possession, and still remains in possession, and has paid only $15 on the contract. It appears that the taxes assessed against the land for the year 1893 were not paid, and the land was afterwards sold for these taxes, and bid in by the State. February 11, 1897, the State sold its bid to William O'Connor, of Lansing, for $16.85. At the time of the execution of the land contract, in 1895, neither the complainant nor defendant Banks knew that the taxes of 1893 had not been paid, and neither one

learned of it until after the land had been bid in by the State and sold to O'Connor. When the complainant learned that O'Connor held the State bid, he entered into correspondence with him, with a view of buying his title; but before that could be accomplished defendant Banks bought the title of O'Connor by paying him $50 therefor. After procuring the tax deed from O'Connor, Banks quitclaimed the land to defendant Smith, to secure him for signing notes with him to the amount of $150, and mortgaged it, with other land, for $300, to defendant Cora M. Shakespeare.

The complainant, before filing his bill, tendered to Banks a warranty deed in proper form, and demanded his pay on the contract. Banks declined to pay him anything, claiming to own the land by virtue of this tax deed. The court below decreed that defendant Banks pay the balance remaining unpaid on the contract, less the amount paid by Banks to O'Connor for the tax title; that the tax title procured by Banks inured to the benefit of complainant; and that complainant's title was paramount to the Smith deed and the Shakespeare mortgage. It was also decreed that, in default of payment of the amount due on the contract, the land should be sold to meet the amount. Defendants Banks and Benjamin Smith have appealed. It appeared that the Shakespeare mortgage had been discharged before final entry of decree.

We think the court was not in error in the disposition made of the case. Defendant Banks was in possession of the premises, under contract made with complainant, at the time he purchased in the tax title. It was held in *Ryerson* v. *Eldred*, 18 Mich. 12, that one who is in possession of land as tenant of another cannot buy in an adverse title which existed at the time he received his lease, and make such purchase the basis of a suit in equity to quiet his title as against his landlord. *Nims* v. *Sherman*, 43 Mich. 45 (4 N. W. 434). It was held in *Wilkinson* v. *Green*, 34 Mich. 221, that parties who have obtained possession of lands from their

grantor cannot afterwards repudiate his title, and that all releases thereafter procured by them to cure defects in the title of such grantor have been obtained in support of, and not for the destruction of, such title. The doctrine that a lessee cannot dispute his landlord's title extends to one who takes possession under a contract of purchase. See *Wolf* v. *Holton*, 92 Mich. 136 (52 N. W. 459). The English rule is stated in Fry, Spec. Perf. § 1320, as follows:

"Where the purchaser, having discovered a material defect in the title, * * * gave notice to determine the contract, and immediately afterwards bought up the interest which had constituted his objection, it was held that having thus, by his own voluntary act, cured the defect, he could not avail himself of this purchase for the purpose of destroying the original contract; and specific performance was decreed against him."

This principle is supported by *Murrell* v. *Goodyear*, 1 De Gex, F. & J. 432.

The court was not in error in entering the decree in favor of complainant. That decree must be affirmed

The other Justices concurred.