## CHARLESTON.

SMITH. v. BOYER.

Submitted March 19, 1912.    Decided June 24, 1913.

VENDOR AND PURCHASER—*Tax Title—Rights of Vendee.*

A vendee in possession can not thereafter acquire a tax title to the land and claim thereunder adversely to the vendor.

(MILLER, JUDGE, absent).

Appeal from Circuit Court, Kanawha County.

Bill by H. B. Smith against Lulu D. Boyer. Decree for plaintiff, and defendant appeals.

*Affirmed.*

*W. S. Laidley,* for appellant.

*E. C. Harrison,* for appellee.

WILLIAMS, JUDGE:

Harrison B. Smith, grantor, sues Lula D. Boyer, grantee, to enforce a vendor's lien reserved in a deed to her for a lot on Brooks street, in the city of Charleston. From a decree in favor of plaintiff, defendant has appealed.

The court sustained plaintiff's exceptions to defendant's answer and struck it out, and this is assigned as error.

Plaintiff conveyed to defendant in April, 1904, by deed with covenant of general warranty. The answer avers that M. F. Clarke was the owner of the lot in 1902, and in February, 1903, sold it to M. D. Farley; that Farley sold and conveyed it to Harrison B. Smith in May, 1903; that in that year it was returned delinquent in the name of M. F. Clarke for non-payment of taxes of 1902, and sold in February, 1904, and purchased by Wm. Shoemaker, who, in April, 1905, obtained a tax deed, and then conveyed the lot to R. S. Spilman, the partner of plaintiff; that it was returned delinquent, in the name of Farley, for the non-payment of the taxes of 1903, and sold in December, 1904, and purchased by defendant, and that she received a tax deed in June, 1908.

Defendant contends that plaintiff's failure to discharge the

taxes assessed on the land in the name of the former owner gave her the right to buy at the tax sale to protect her title, and that by her tax deed she acquired an adverse title which defeats plaintiff's lien. This position is untenable. Defendant took possession under her deed from plaintiff, and in contemplation of law, has not been even constructively ousted. Smith's breach of his covenant of warranty in failing to pay off the pre-existing taxes entitled defendant to damages, but it did not give her the right to set up an after acquired tax title to defeat his suit. She does not seek to recoup damages, as she might have done, but insists that the Shoemaker tax title operates to extinguish both her title and Smith's lien, and that, by the subsequent tax sale and deed, she acquired an adverse title to the lot. After her purchase from Smith, defendant had ten months in which she could have redeemed from Shoemaker. Her answer does not explain why she did not do so. There was no outstanding title at the time she purchased from Smith which she was compelled to buy in for her protection. It is a well settled rule that if one, having the right of redemption, buys at a tax sale, his purchase amounts only to a payment of the taxes. 1 Blackwell on Tax Titles, sec. 566; *Callihan* v. *Russell*, 66 W. Va. 524.

"A vendee cannot acquire a title adverse to his vendor by the purchase of the land at a tax sale." *Lamborn* v. *County Commissioners*, 97 U. S. 181. It is a rule of universal application that neither party to a mortgage can destroy the right of the other by buying the property at a tax sale, if he objects thereto. The relation of the parties to this suit is essentially the same in equity as mortgagor and mortgagee, Mrs. Boyer being regarded as the mortgagor in possession of the land.

If there had not been a second tax sale, and Mrs. Boyer, instead of Spilman, had acquired the tax title from Shoemaker, she could recoup damages to the extent of her reasonable expenses in acquiring the title, but she would not be permitted to claim under it adversely to plaintiff. Bigelow on Estoppel, (5th ed.), page 545; *Bush* v. *Marshall*, 6 How. 284.

The same rule is applicable in this suit as would be applied if Mrs. Boyer had paid the full purchase price, and had brought an action for breach of plaintiff's covenant. It is well settled that, in such case, her recovery would be limited to the amount

of her expenses in buying in the adverse title. *Leffingwell* v. *Elliott,* 8 Pick. 455; *Roller* v. *Effinger's Executor,* 88 Va. 641; *Sanders* v. *Wagner,* 32 N. J. Eq. 506; *Cowdry* v. *Cuthbert,* 71 Ia. 733. The case last cited is very similar to the present one, and stronger, if any odds, in favor of the vendee, because he had notified his vendor to pay the taxes and he failed to do so. Cuthbert, the vendee, did not buy at the tax sale, but bought from the tax purchaser after he had received his tax deed. In a suit by Cowdry, the vendor, it was held that Cuthbert, the vendee, was entitled to have the amount paid for the tax title treated as a payment on his bond to Cowdry, but that he could not claim adversely to him under the tax title. The same question was decided in *Curran* v. *Banks,* 123 Mich. 594; in *Simons* v. *Rood,* 129 Mich. 345; and in *Eaton* v. *Tallmadge,* 22 Wis. 526.

Defendant's obligation as plaintiff's vendee is not affected by her purchase at a subsequent tax sale. The tax title which she acquired, being for taxes assessed in the name of a subsequent owner of the lot, operates to defeat the Shoemaker title.

The contention of defendant's counsel that the Shoemaker tax title extinguished her title and also the lien of plaintiff, and that by her subsequent tax deed defendant acquired the land, discharged of the lien, and is, therefore, under no obligation to make further payment, is not supported by the law. The lien of a vendor can not be thus defeated.

The court sustained plaintiff's exceptions to defendant's answer on 21st of May, 1910, and allowed ten days in which to file further answer. On June 6th an order was entered filing further answer. But the final decree, made on June 10th, 1910, recites that the order of June 6th was improvidently entered, and set it aside, and brought the cause on to be heard upon bill and exhibits, without further pleading. This action of the court is complained of, but it does not appear why it should be considered as error. The court has control over all interlocutory orders, even after the adjournment of the term at which they were entered, and, until, adjournment of the term, has control also of its final orders and decrees. We must assume that the court properly set aside the order. Error must affirmatively appear. Only one answer appears in the

record, and its averments constitute no defense to plaintiff's suit. It was not error, therefore, to exclude it.

Defendant did not ask to have the money expended by her in acquiring the tax title credited on plaintiff's lien, and it was not error to decree the full amount claimed by plaintiff.

The decree is affirmed.

*Affirmed.*