# CHARLESTON.

STATE *v.* GEORGE W. WHITE *et al.*

(No. C. C. 430)

Submitted September 3, 1930. Decided September 9, 1930.

322

*Benjamin G. Reeder,* for the State.
*S. A. Barker,* for defendant Barker.

HATCHER, JUDGE:

A lot in the city of Morgantown, entered on the Land Books in the names of George W. and Joseph N. White was delinquent for the taxes charged in the year 1924. It was regularly sold for that delinquency and purchased by the state in 1927. This is a suit brought by the state at October Rules 1929 to sell the lot.

The defendant, Thomas P. Barker, asserts both the right to redeem the lot (by answer), and an estoppel against the state (by supplemental answer), on the following grounds: George W. White sold his interest in the lot to Joseph N. and Anna D. White in September of 1924; the lot was charged for taxation in 1925 against Joseph N. White alone; in that year Joseph and Anna executed a deed of trust on the lot in favor of Barker. The taxes for 1925 were not paid and in January of 1928, the lot was sold by the sheriff for the delinquency and bid in by Barker who acquired a deed for the lot from the Whites in March, 1929, and also a deed from the clerk in January, 1930. The circuit court overruled the demurrer to the bill, sustained the demurrers to defendant Barker's answer and supplemental answer and certified the pleadings here for our decision upon their sufficiency.

Barker contends that by virtue of the sale to him in 1928 the state is estopped to proceed herein, citing *State* v. *Garnett,* 66 W. Va. 107, 66 S. E. 98. The facts in that case are so materially different from the facts in this, that the decision there in no wise points the way here. The conditions which evoked estoppel there do not exist here. In that case Putnam, in whose favor an estoppel was declared, was a stranger to the delin-

quent Garnett title. Here Barker is in privity with the delinquent White title. If by bidding in a delinquency for a certain year (say 1925) the former owner of delinquent land (or one holding under him) could estop the State from enforcing a forfeiture thereof for a prior year (say 1924) the claimant of the land could thereby avoid the payment of taxes for the former year. Estoppel in such case would promote tax-dodging instead of fair taxation—a result which equity will not countenance. The assessment for 1925 relates to the first day of the year. On that date the state had no title to the lot, the Whites being its absolute owner. The state recognized and protected such ownership during 1925, and it was the duty of the Whites to pay the taxes for that year. Where is the equity which would permit one holding under them to profit by their dereliction of duty? Barker, as the beneficiary under the 1925 trust deed, had the right (in order to protect his interest) either to pay the 1925 taxes to prevent a delinquency, or to redeem the land after delinquency. *Elliot* v. *Shaffer*, 30 W. Va. 347, 4 S. E. 292; Cooley, Taxation (4th Ed.) sec. 1565. When the law extends to one the "privilege of redemption", it will not suffer him to assume the role of purchaser. This principle, pronounced by Judge Cooley many years ago (see *Cooley, supra,* sec. 1577) was approved by this Court in *Callihan* v. *Russel,* 66 W. Va. 524, 66 S. E. 695, and was entitled "a well settled rule" in *Smith* v. *Boyer,* 72 W. Va. 632, 633, 78 S. E. 787, 46 L. R. A. (N. S.) 209. That rule forbids extending to Barker any consideration whatsoever as a purchaser. We therefore hold that he is in no position to assert an estoppel against the State.

The rulings of the circuit court on the demurrers to the bill and on Barker's supplemental answer, respectively, were therefore sound. But as the answer of Barker sets up his claim to the grace extended by the state in the matter of redemption from the forfeiture, the demurrer thereto was improperly sustained.

*Affirmed in part; reversed in part.*