## CHARLESTON.

### BROWN *v.* BROWN *et al.*

Submitted September 5, 1912. Decided June 24, 1913.

1. APPEAL AND ERROR—*Appellate Jurisdiction—Amount in Controversy.*

Upon an inquiry as to whether the amount involved in a pecuniary controversy is sufficient to confer appellate jurisdiction, the amount of the claim asserted on the one side and denied on the other, not the validity thereof, is the criterion, unless the claim is obviously pretentious and made merely to confer jurisdiction. (p. 652).

2.  EXECUTORS AND ADMINISTRATORS—*Co-executors —Powers of Administrators De Bonis Non.*

    One of two or more co-executors, who has given a new bond and retained his position after the resignation of the others, has the status of an administrator *de bonis non administratis*, and can sue his former associate only for legally unadministered assets remaining in his hands, or in respect to transactions between themselves. He cannot maintain a bill to surcharge and falsify *ex parte* settlements made by the retired executor, nor charge him as for a *devastavit.*  (p. 653).

3.  SAME—*Administrators De Bonis Non—Unadministered Assets.*

    Property converted or altered by an executor or administrator from the state or condition in which the testate or intestate left it is regarded in law and equity as having been administered, even though such conversion or alteration be an appropriation of the property by the personal representative to his own use or amount to a *devastavit.*  (p. 653).

4.  SAME—

    The limitation upon the rights and powers of administrators *de bonis non* here mentioned has not been abrogated nor changed by the provisions of section 1 of chapter 118, or sections. 25 to 32 of chapter 87, of the Code.  (p. 654).

    (MILLER, JUDGE, absent.)

Appeal from Circuit Court, Pleasants County.

Suit by E. W. Brown, executor, against C. L. Brown and others. From a decree for defendants, plaintiff appeals.

*Affirmed.*

*Wm. Beard,* for appellant.

*Charles L. Brown,* and *Charles E. Hogg,* for appellees.

POFFENBARGER, PRESIDENT:

The decree complained of on this appeal, dismissing the original and first amended bills on pleas in abatement for non-joinder and mis-joinder, and sustaining a demurrer to a second amended bill, disposes of litigation, commenced in Jackson County January, 1904, and ending in Pleasants County in 1911.

Charging failure on the part of Charles L. Brown, the active one of three co-executors of the will of Anna H. Brown, deceased, to account for and pay over to the plaintiff, Ephraim W. Brown, a succeeding or surviving executor, all of the estate.

which had come into his hands and had not been disbursed or distributed to the parties entitled thereto in the course of administration, the bill specified certain assets of the estate with which the executors had not been charged in any of the three *ex parte* settlements made by them and denied the validity of certain disbursements for which credit had been taken and sought correction of the alleged errors in the settlements and a decree for considerable sums of money alleged to be due and owing from the defendant as late executor of the will.

The testatrix had designated as the executors of her will A. B. Wells, Joseph H. Brown, E. W. Brown and Charles L. Brown, the last three of whom qualified and took upon themselves the execution of the will. According to the allegations of the bill, Charles L. Brown really had charge of the estate. For some reason not disclosed, he filed his petition in the county court of Jackson county on the 9th day of February, 1899, under the provisions of section 1 of chapter 118 of the Code, praying to be permitted to resign. On this petition a summons or rule was issued, requiring all interested parties to appear at the April term of the court and show cause, if any they could, why he should not be permitted to resign. At that term, it appeared that he had submitted his accounts to one of the commissioners of the court and the hearing of the matter was continued until the completion of the report. On the 24th day of May, 1899, an order was entered reciting completion and filing of the report and certain exceptions thereto by E. W. Brown, one of the executors, for failure to show from what source two items charged in the account, one for $1228.48 and the other for $3000.48, had been derived. In response to this, C. L. Brown tendered and filed his affidavit, showing on what accounts the money had been collected, whereupon the court overruled the exception and approved and confirmed the report. The order then recites that C. L. Brown had fully settled his account according to law and accounted for all funds and assets in his hands administered as well as unadministered, and accepted his resignation, to become effective on the appointment and qualification of his successor. This having been done and a new and additional bond required of the remaining executors in the penalty of $40,000.00, Joseph H. Brown tendered and filed a paper, stating his desire not to serve longer as one of the

executors. Thereupon a rule was awarded against him and E. W. Brown to show cause, at the next term of the court why they should not be required to execute a new and additional bond as executors. On the 15th day of August, 1899, E. W. Brown tendered the required bond which the court approved. The order approving it also accepted the previously tendered resignation of Joseph H. Brown and he and Charles L. Brown were ordered to "turn over and deliver to the said Ephraim W. Brown, sole executor of Anna H. Brown, deceased, all the property and assets belonging to the estate of Anna H. Brown, deceased."

The three settlements, as made up by the commissioner and confirmed by the court, show a partial administration of the estate amounting to something more than $24,000.00, and E. W. Brown, as sole executor of the will, receipted to Charles L. Brown and Joseph H. Brown, as late executors thereof, for certain notes and other securities, unadministered assets, amounting to several thousand dollars. This receipt bears date November 8, 1899, and recites the existence of real estate, constituting part of the assets, appraised at $6,000.00. These assets were delivered over in obedience to the decree of the circuit court of Jackson county, made sometime in the year 1899, in a suit brought by Ephraim W. Brown, as sole executor of the will, against C. L. Brown and J. H. Brown, as late executors thereof.

In that suit the proceedings in the county court, relating to the resignation of Charles L. Brown and J. H. Brown and the giving of a new bond by Ephraim W. Brown, were exhibited, and, upon consideration thereof, the court was of opinion that the defendants and each of them had been discharged as such executors and E. W. Brown was the sole executor of the will and entitled to the assets of the estate and the order so recited. Accordingly, it was adjudged, ordered and decreed that the defendants turn over to the said plaintiff, E. W. Brown, as sole executor of the estate of Anna H. Brown, deceased, all assets of the estate remaining in their hands to be administered, without any specification of such assets, and that the suit be dismissed without prejudice to any party as to any proceedings they might thereafter desire to take in relation to any of the matters concerning said estate or the administration thereof.

Deeming the order of the county court ineffectual to termi-

nate the powers of Joseph H. Brown as executor, because of non-compliance with the requirements of section 1 of chapter 118 of the Code, he not having filed his petition and given notice and made the settlements thereby required, and the decree just referred to as inconclusive as to the status of Joseph H. Brown, because of the reservation or saving clause embodied therein, pleas in abatement to the original and first amended bill set up the non-joinder of Joseph H. Brown as plaintiff, and Ephraim W. Brown having been made a party defendant as late executor, misjoinder as to him was also set up in abatement. Other matters of abatement pleaded relate to process and service thereof. Some of these pleas, particularly the latter, were sustained by orders entered in the circuit court of Jackson county. The others were sustained by the circuit court of Pleasants county to which the cause was removed on account of the disqualification of the judge of the circuit court of Jackson county as to the particular case.

The second amended bill was filed in the circuit court of Pleasants county, making Joseph H. Brown a party defendant as executor, he having refused to join in the bill as plaintiff. To this bill, pleas in abatement set up the failure to join Joseph H. Brown as plaintiff, and also irregularities as to process, all of which pleas, as to the second amended bill, were rejected.

C. L. Brown and Joseph H. Brown then interposed their several demurrers to the second amended bill, both of which were sustained and the bill dismissed.

In support of a motion to dismiss the appeal, the brief contains a calculation and argument, based upon the facts set forth in the bill and exhibits, the purpose of which is to show the amount involved is below the appellate jurisdiction of this court, not more than $100.00. The bill alleges the appraised value of the estate to have been $31,523.07 in 1896, and makes the three *ex parte* settlements exhibits, showing disbursements which, together with the assets turned over by C. L. Brown to E. W. Brown, exceed the amount of the appraisement by something over $4,000.00, after deducting from the disbursements all items described in the bill as improper credits. In this way, the appellee endeavored to show, upon the facts set forth in the bill itself, that he has accounted for considerably more money than is alleged to have gone into his hands, and that there is in fact

nothing due from him. This position is untenable for the fol-
lowing reasons: The bill charges misappropriation of the
proceeds of railroad bonds, amounting to several thousand dol-
lars as well as some other items. These sums, if assets at all,
may be administered assets, within the meaning of the law and
the plaintiff may not be entitled to recover them, out the bill
nevertheless claims them. Conceding them to be administered
assets or wasted assets for which there was at common law li-
ability only to the beneficiaries of the will, right in the succeed-
ing executor to demand them from his predecessors is predi-
cated upon the statute, which, it is argued, has changed the rule
at common law in this respect. Among the assets turned over
to the plaintiff, there is a note executed by C. L. Brown, payable
to the executors of the will of Anna H. Brown, for the sum of
$3,000.00. Although the bill contains no specific prayer for a de-
cree for the amount of this note, it is argued that such relief may
be had under the prayer for general relief. These contentions
and claims on behalf of the plaintiff in error may not be well
founded as regards the merits of the bill, but they are suffi-
cient to create a controversy which involves much more than
the jurisdictional amount.

Fairly construed, the bill charges the defendant as for a
*devastavit* in the capacity of executor. In so far as
the assets sought by it have been disposed of, they are
administered assets. Such of them as are alleged to have been
converted by the defendant to his own use are regarded in law as
administered. They do not remain in his hands actually or
constructively in the state in which he found them as executor.
In other words, their character has been changed, and he does
not admit that they belong to the estate. If there is a liability,
or, if the acts omplained of amount to a *devastavit,* the lia-
bility is not one for unadministered assets. *Coleman* v.
*M'Murdo,* 5 Rand. 51; *McCreary* v. *Bank,* 55 W. Va. 663;
*Goettberg* v. *Bank,* 26 Abb. N. Cas. (N. Y.) 50; *Jones* v.
*Clark,* 25 Gratt. 642; *Harlson* v. *Elden,* 44 Atl. Rep. 156.

Such assets are not recoverable by an administrator *de bonis*
*non.* They do not in any sense belong to his administration,
but to the former or preceding one. He is not in any sense
liable for them, unless they actually come into his hands, nor
has he any right to recover them. *McCreary* v. *Bank,* cited;

*Coleman* v. *M'Murdo,* cited; *Veach* v. *Rice,* 131 U. S. 293. This proposition is so well settled as to require neither discussion nor citation of authority. Right of action as to them is in the legatees or other beneficiaries of the will.

But it is said E. W. Brown is not an administrator *de bonis non,* and that he holds his title under the original appointment, no change having been made therein except to require a new bond of him. Technically he may not be an administrator *de bonis non,* but, on principle, he must be treated and regarded as standing in the same situation. So far as the estate has been disposed of by C. L. Brown as executor, it has been administered, and the residue remains unadministered. This works as complete a severance as if C. L. Brown had been sole executor and had resigned, or, being a co-executor had died. If one of two or more co-executors, acting singly and alone, disposes of any portion of the estate, his act is as complete, full and effectual as if his companions had joined in it. Williams Ex'rs, secs. 818, 819. The conclusion stated in *Veach* v. *Rice,* 131 U. S. 293, and the Georgia statute construed in that case, simply declares the logical results of common law principles, and the statute may be regarded as merely declaratory of the common law.

This rule is not changed by the provisions of section 1 of chapter 118 of the Code. That statute deals merely with the matter of resignation and conditions requisite thereto. The account is not taken as the basis of a decree or judgment, for the court is not authorized to enter any decree or pronounce any judgment, or enter any order as the basis for a decree or judgment. The statute merely prescribes what the administrator must do as a condition to the acceptance of his resignation. It does not authorize an acceptance of the resignation until the order has been complied with. If the fiduciary fails, after having made the settlement and disclosed what remains due to the estate, to turn it over to such person as the court may order, the resignation cannot be accepted, and he remains liable on his bond and in respect to his administration. This conclusion involves nothing more than the reading of the statute in the light of its purpose.

Sections 25 and 32 and others of chapter 87 have no relation to the subject. They deal with the settlements of fidu-

ciaries without any reference to resignation, removal or succession. When an existing fiduciary has made his settlement and it appears that anything is due from him, the court may order it paid to the persons entitled thereto, and any person interested may bring a suit in chancery in the circuit court of the county to compel compliance with the order. This creates no new interest, or rights. An administrator *de bonis non* has no interest in, or title to, assets administered in the legal sense of the term by a preceding administrator or executor. He is not a person interested within the meaning of the statute.

The observations of Judge SNYDER in *Gilmer* v. *Baker,* 24 W. Va. 72, to the effect that the common law rule as to the rights of an administrator *de bonis non* is subject to certain modifications and exceptions in courts of equity, is not to be taken as going to the extent of abolishing the rule. What is meant by the observation is very clearly shown by the opinion in the following terms: "The right and duty of an administrator *de bonis non* to administer the fund now in question was determined by the appellate court on the appeal of Hopkins. The court in its mandate directed a part of this fund to be paid over to said administrator to be administered by him." The statute adverted to by him in a later portion of the opinion is substantially embodied in section 24 of chapter 87 of the Code. Its purpose is to enable a personal representative who has resigned or been removed, or the personal representative of a deceased executor or administrator, to discharge himself by the payment to the administrator *de bonis non,* if he sees fit to do so, or if any person interested desires it to be done; but the provisions of this statute extend only to securities for money, loaned or invested, standing in the name of a deceased fiduciary or one whose powers have been revoked, and not yet transferred to his successor. It confers upon the successor no right to surcharge and falsify the accounts of his predecessor or demand administered assets.

If the plaintiff has any right to recover the amount due on the $3,000.00 note, hereinbefore referred to, the remedy at law is both available and fully adequate. Although executed at a time when C. L. Brown, E. W. Brown and Joseph H. Brown were co-executors, it is not payable to them by name, but to the executors of the estate of Anna H. Brown generally. Being

admitted assets of the estate, since it was turned over as part thereof by C. L. Brown to E. W. Brown, and C. L. Brown being no longer an executor of the will, it would not be necessary for him to join as plaintiff in an action thereon. This is the clear result of the assumption that the note was part of the assets of the estate. If it is not and is merely the evidence of a misappropriation, or *devastavit* on the part of C. L. Brown, as is intimated in the bill, then there is no right of recovery at all in the plaintiff. These observations are not to be taken as expressing any decision as to the status of the fund represented by said note, but only as saying the allegations respecting it are not sufficient to sustain the bill.

These conclusions, respecting the demurrers to the second amended bill, render it unnecessary to enter upon any inquiry as to the correctness of the rulings upon the pleas in abatement.

For the reasons stated, the decree complained of will be affirmed.

*Affirmed.*