# CHARLESTON

ELLIOTT, *Administratrix,* v. BLUE, *Commissioner, et al.*

Submitted March 10, 1914.   Decided April 28, 1914.

1. EXECUTORS AND ADMINISTRATORS—*Administrator Cum Testamento Annexo—Appointment.*

   Section 2, ch. 85, Code 1913, contemplates a grant of administration *cum testamento annexo,* only where testator fails to name an executor, or the person so named fails or refuses to accept the trust or to execute bond when properly required.   (p..210).

2. SAME—*Qualification of Executrix—Bond.*

   A grant of administration *cum testamento annexo* jointly with an executrix, both uniting in a bond, while unauthorized as to the former, operates as a valid qualification of the latter.   (p. 210).

3. SAME—*Contracts—Action for Breach.*

   On contracts made with deceased, whether broken before or after death, the executrix or administratrix must sue in a representative, and not in a personal, character.   (p. 211).

4. SAME—*Actions—Representative Capacity.*

   Otherwise, she may sue in either character; but not as devisee, unless she alleges and proves the nonexistence of outstanding obligations against the estate of the testator or intestate.   (p. 211).

(ROBINSON, JUDGE, absent.)

Appeal from Circuit Court, Barbour County.

Bill by Julia A. Elliott, as administratrix, against Fred O.

Blue, Special Commissioner, and others. Decree for plaintiff, and defendants appeal.

*Reversed and Remanded.*

*W. T. Ice, Jr.,* and *C. K. Scott,* for appellants.

LYNCH, JUDGE:

By decree entered in a chancery cause pending in the circuit court of Barbour county, in which E. G. Welch and others were plaintiffs and G. G. Campbell and others were defendants, Fred O. Blue, as special commissioner, was authorized to sell, and did sell, certain real estate, a part of the proceeds of which is involved in this proceeding. The purchaser at the judicial sale having made default in payment, Blue as commissioner filed his petition in the cause to compel compliance with the terms of sale. Upon the final hearing on the petition, an order was entered, by which, after reciting that Shelton L. Reger and James P. Gorter were employed as attorneys to represent plaintiffs in the suit, and as such entitled to one half the net proceeds derived from the lands, and that Reger had transferred his interest therein to a trustee to secure L. C. Elliott against liability as Reger's surety, the commissioner was directed to pay to the original plaintiffs their share of the fund, and to retain the residue subject to the further order of the court. Leave was also granted to the claimants to Reger's share to assert by proper pleadings their right thereto.

L. C. Elliott having died testate, Julia A. Elliott, his widow, who was by the will appointed executrix and named sole devisee, by petition asserted claim to the Reger interest. Before entry of the order from which Reger appeals, Mrs. Elliott died. The petition was not thereafter formally revived, as required by §4, ch. 127, Code, in the name of any one representing her estate or that of L. C. Elliott. Nor was her death suggested on the record. But apparently an attempt was made to revive in the name of her administrator with the will annexed. The decree, however, finds "the plaintiff, Julia A. Elliott, administrator Elmer H. Elliott" entitled to the funds in the hands of Blue, and decreed payment to her.

The regularity of this procedure is challenged. It is

insisted that James B. Elliott was a necessary party, and that therefore the petition was demurrable. The petition does not disclose any interest on the part of J. B. Elliott. Such interest nowhere appears, except from an exhibit filed with the petition, showing that upon her motion Julia A. Elliott was by the court appointed executrix and James B. Elliott administrator with the will annexed of L. C. Elliott, and that both of them entered into bond and took the oath prescribed by law as such officers. Upon the assumption that J. B. Elliott thus became co-representative, appellant insists he should have joined in the petition. But, in view of §2, ch. 85, Code, it seems clear the county court was without authority to appoint an administrator with the will annexed together with an executrix of the will. The only grant of administration allowable by the section is where the testator fails to name an executor, or those so named fail to accept the trust or to give bond when required. See Schoular on Wills & Admn. 347. Of course, if the appointment were regular, both representatives should have joined in the petition. 18 Cyc. 878; *Mowry* v. *Adams,* 14 Mass. 527; *Williams* v. *Moore,* 9 Pick. 432; *O'Brien* v. *Coskrey,* 6 Yeates (Pa.) 105; Dicey on Parties 216. The exhibit to which we have referred served only as letters of administration, vouching the right of Mrs. Elliott as personal representative to assert claim to the fund. While irregular and ineffectual as to J. B. Elliott, it tends to show the qualification of Mrs. Elliott as executrix of the will, and not as administratrix with the will annexed.

We are unable to determine from the record whether Mrs. Elliott seeks recovery in her representative capacity, or on the ground that she is sole devisee. She can not sue in a dual capacity. Dicey on Parties 218-220, 322. If she claims the fund as devisee, she can not have recovery in her own right so long as there are outstanding obligations against the estate of her husband. 18 Cyc. 880; *Ewers* v. *White,* 114 Mich. 266. Whether such obligations exist or not, the record does not disclose. Of course, under some conditions, an executor or administrator may sue either in a personal or a representative character. Such option exists where, after death of the testator or intestate, injury is done to the estate, or part of it is unlawfully converted by another, and under

other similar conditions. But, generally, he must sue in his representative character "on all contracts made with the deceased, whether broken before or after his death"; but, if made with the representative, he may sue in his own name or in his fiduciary character. Dicey on Parties, 217, 234; 8 Enc. Pl. & Pr. 670. He must sue as representative, according to Crosswell on Executors & Administrators §196, where the cause of action arose before the death of the testator or intestate. There is general unanimity among the authorities to this effect. Williams on Executors 784; *White* v. *Pulley,* 27 Fed. 436; see *Brown* v. *Brown,* 72 W. Va. 648, 78 S. E. 1040.

In the original petition, Mrs. Elliott avers she is "the widow and administratrix with the will annexed of L. C. Elliott" and his sole distributee, and has qualified as his administratrix. In the amended petition, she avers she is the sole devisee of L. C. Elliott and has duly qualified as his administratrix.

While the court is disposed to be as liberal as a proper regard for orderly procedure will permit, it can not, in view of the authorities cited, sustain a decree based on the irregularities found in this case. We are unable to determine in what capacity Mrs. Elliott claims the fund in controversy. While she asks its payment to her, she does not state whether the payment is to be made in her individual or representative character. While in fact executrix, she sues as administratrix; at least she so describes herself in the petition.

The purpose of the recovery is the reimbursement of the decedent's estate for an obligation assumed and paid by the testator in his lifetime. If and when collected, the fund becomes an asset of Luther C. Elliott's estate, to be administered, with other assets, in the manner and for the purposes required by law. Until thus received and administered, Julia A. Elliott could not as devisee, nor could her estate, appropriate to her or its use any part of such assets. So far as disclosed by the record, the liabilities chargeable against his estate have not been ascertained, or, if ascertained, not discharged by due administrative proceedings. It was, therefore, improper to decree recovery to Julia A. Elliott, if living at the date of the decree, or to the administrator of

her estate if she were not then living, as the fact seems to be. These irregularities and inconsistencies should be eliminated, and the character in which right to the fund is claimed established, before entry of a final decree. We deem it unnecessary to discuss other assignments of error.

The decree will be reversed, the demurrer to the amended petition sustained with leave to amend, and the cause remanded for further proceedings.

*Reversed and Remanded.*