# CHARLESTON.

1873.
January
Term.

GARDNER ET AL. *vs.* LANDCRAFT, ET ALS.

JAMES H. GARDNER AND AMBROSE CARLTON, SUR-
VIVORS OF THEMSELVES AND WILLIAM H. HUB-
BARD, LATE PARTNERS UNDER THE FIRM NAME OF
GARDNER, CARLTON & COMPANY—PLAINTIFFS
AND APPELLEES AGAINST GRANDISON C. LAND-
CRAFT, DEFENDANT AND APPELLANT, GEORGE
W. HUTCHINSON, JOSEPH N. HAYNES, AND A. T.
CAPERTON, ADM'R OF J. H. ALEXANDER, DEC'D,
DEFENDANTS.

Decided January 30th, 1873.

## SYLLABUS.

1. Every material allegation of a bill not controverted by an answer shall, for the purposes of the suit, be taken as true.

2. When the record does not disclose that objections were made to the hearing of a cause, the presumption is that the cause was heard without objection.

3. When a bill has been regularly taken for confessed at rules, and the cause set for hearing, and docketed, and the Defendant appears in Court and by leave of Court, files his answer to which Plaintiff files a general replication, the Plaintiff is entitled to have the cause heard at the same term, unless, the Defendant shows good cause for a continuance.

4. On a judgment, execution may be issued within two years after the date thereof under the Code of West Virginia.

1873.
January
Term.

Gardner et al
v.
Landcraft et
als.

*An appeal from a decree of the Circuit Court of Monroe County rendered on the 22nd day of June, 1871. The case is fully stated in the opinion.*

*Davis* for Defendants and Appellants.

*Harris* for the Plaintiffs and Appellees.

HAYMOND, PRESIDENT:

Wm. H. Hubbard, James H. Gardner and Ambrose Carlton, late merchants and partners composing the firm name of Gardner, Carlton & Co., obtained a judgment in the Circuit Court of Monroe county, on the 21st day of May, 1869, against the defendant, G. C. Landcraft, for the sum of $476,58, with interest from 20th of November, 1859, until paid, and costs of suit; the Judge of the Court under the provisions of an act of the Legislature of this State passed February 27th, 1867, entitled, "An act staying the collection of certain debts," at the time of the rendition of said judgment, and at the end thereof, made an order in these words: "It appearing that the Plaintiffs are residents of the State of Virginia, execution on this judgment is stayed until further order of the Court. Afterwards on the 16th day of May, 1870, the Court made an order in the cause at law, setting aside the order, and directed execution, to issue upon the judgment, and afterwards on the 2nd day of June, 1870, a writ of *fieri facias* did issue upon the judgment. On the 4th day of January, 1871, the Plaintiffs, as survivors of of themselves, and William H. Hubbard, deceased, late merchants and partners under the firm name and style of Gardner, Carlton & Co., commenced this suit on the equity side of the Circuit Court of the county of Monroe, against the Defendants, and on the first Monday in Feb-

1873
January
Term.

Gardner et als
v.
Landcraft et
als.

ruary, 1871, they filed their bill in this suit against the Defendants. The bill sets up the judgment, and avers that it was duly docketed in the Recorder's office of Monroe county. Official copies of the judgment as rendered and as docketed by the Recorder, are filed with the bill as exhibits The bill alleges, that "after the order staying execution on the judgment, was set aside and execution thereon awarded it went into the hands of the proper officer, and was by him, returned wholly unsatisfied." Copies of the order directing execution to issue, and of the execution, are filed with the bill as exhibits. The bill also alleges that defendant Landcraft is the beneficial owner of valuable real estate in Monroe county, upon which the judgment is a lien : that the real estate consists of two tracts, one containing 149 acres, known as the Pack Ferry place, and the other adjoining the first containing about 270 acres: that these lands were on the 7th day of September, 1858, conveyed by Landcraft, to Geo. W. Hutchinson, in trust to secure to James H. Alexander, the sum of $1,400, due by note of that date, as appears by an official copy of the trust deed, filed with the bill as an exhibit: that the whole or greater part of this debt, secured by the trust deed, has been paid by one Haynes, the son-in-law of Landcraft, but whether as the mere agent of Landcraft, or whether he purchased the note with his own funds and took an assignment of the same, Plaintiffs do not know: that Hubbard has died since the rendition of the judgment, and that Alexander has also died, but that Allen T. Caperton, has qualified as his administrator. On the 21st of June, 1871, Caperton, as administrator, and Hutchinson, the trustee, filed their joint answer to the bill, in which Caperton and Hutchinson say the balance of the trust debt due at that date including interest is $1,385, and that the same has been assigned by Caperton, as administrator, to Haynes, without recourse, and that he, (Caperton,) has no claim thereto. Haynes also filed his answer, in which he says

1873
Janauary
Term.

Gardner et als
v.
Landcraft et
als.

he has purchased, and had assigned to him, the note of Landcraft, secured by the deed of trust; and that he is the owner thereof, and is entitled to the benefit of the deed of trust made to secure the payment of the note. He files with his answer the note, or bond of Landcraft, made to Alexander. On the note or bond these credits are endorsed, to-wit: September 21st, 1859, $84,00, June 17th, 1860, $400, January 1st, 1862, $151, November 3rd, $60,00, November 16th, 1863, $60; and upon the note or bond is the assignment of Caperton, as administrator, to Haynes, in these words: " I have heretofore assigned to Joseph N. Haynes, $1,133.85, of the within debt without recourse, and I now assign to said Haynes, $250,82, the balance of said debt, and interest thereon, without any recourse to me or J. H. Alexander's estate, this 20th May, 1871." This assignment is signed by Caperton, as administrator, on the 22nd day of June, 1871. The cause was heard by the Court below on the bill, answers of all the Defendants, with general replications thereto, and exhibits filed, and the Court by its decree then rendered, ascertained and decreed that there was then due and unpaid on the deed of trust debt, the sum of $1,392.05, with interest from that date; and that said sum was due Haynes, as assignee thereof; and that he was entitled to all the rights of Alexander, including the priority of lien. The Court decreed that Haynes recover of Landcraft, the said $1,392.05, with interest from the date last aforesaid; and that the Plaintiffs recover against Landcraft $807.49 cents, the amount of their judgment at the date of the decree with interest thereon from the date of the decree, which is the 22nd of June, 1871, and $11.56, costs at law, and declared the same a lien on the land. The Court in the decree directed that unless the said sums of money were paid within thirty days from the date of the decree: that John W. Harris, appointed special commissioner for the purpose, should sell at public auction to the highest bidder, on the premises, &c., so much of the lands as " may be necessary" to satisfy the debts

1873.
January
Term.

Gardner et al
v.
Landcraft et
als.

on the following terms: cash as to so much as may be necessary to defray the costs of suit, and expenses of sale, and pay off and discharge the debt to the defendant, Haynes, which shall be paid to the parties entitled thereto, and the residue on a credit of 6, 12 and 18 months, taking bond with approved security therefor. The decree then directs that the commissioner collect the purchase money bonds as they become payable, and out of the proceeds thereof, pay Plaintiff's debt, interest and costs; and that he pay the residue, if any, to Landcraft, &c. From this decree the defendant, Landcraft, has appealed to this Court. The first error assigned by the Appellant's counsel is, "that the Court below erred in hearing the cause at the term at whict the pleadings were made up."

The summons in the cause was returnable to the rules held in the Clerk's office on the first Monday in February, 1871, and on that day the summons was duly returned executed on all the Defendants. At February rules the Plaintiffs filed their bill, and took a decree *nisi* against the Defendants, and afterwards at rules, on motion of the Plaintiffs, their bill was taken for confessed, and the cause set down for hearing. At the commencement of the Court at which the decree was rendered the Plaintiffs were entitled to have the cause heard, upon the bill taken for confessed at rules. . At this term of the Court the Defendants appeared before the decree was rendered and obtained leave to file their answers, and did then file them, to which the Plaintiffs filed general replications. Up to the filing of the answers the Defendants were in default, and it was the right of the Plaintiffs to have the cause then heard, upon the bill, exhibits, answers, and replication thereto, unless the Defendants by proper affidavits showed good cause to the Court for a continuance. But it does not appear that the Defendants, or any of them, asked for a continuance of the cause, or disclosed or offered to disclose, to the

1873.
January
Term.

Gardner et al.
v.
Landcraft et
als.

Court, any reason why the cause should not then be heard. As the record does not show that any objections were made by the Defendants to the hearing of the cause, the presumption is, that the cause was heard by the Court without objection. And I think the cause was, under the circumstances, rightfully heard by the Court. The second error assigned, is, that the Court erred, in " adjusting the accounts, without a commissioner." The Plaintiffs' debt was ascertained by the judgment, and the amount of the balance due on the deed of trust debt, was ascertained in the assignment from Caperton to Haynes, and there were no accounts to adjust, authorizing or requiring the delay, and expense of a reference to a commissioner. There were in fact no accounts to settle in the case. This assignment of error is not well founded, and must be overruled. The third assignment of error is, that the Court below erred " in decreeing the sale of Landcraft's land without having exhausted his personal estate. More than a year and a day had elapsed, between the rendition of the judgment, and the issuance of the execution. No execution could issue. And the execution never went into the hands of an officer."

It appears from the record in the case that a writ of *fieri facias* did issue upon the Plaintiff's judgment, and it is charged in the bill that the execution so issued " went into the hands of the proper officer, and was by him returned, wholly unsatisfied." I understand this return as alleged, substantially to mean that, the officer could not and did not make the money upon the execution. This charge of the Plaintiffs contained in his bill, is not denied in any of the answers. Every material allegation of the bill not controverted by an answer shall for the purposes of the suit, be taken as true, and no proof thereof shall be required, 36 section of chapter 125 of Code of West Virginia, page 604. The Defendants Landcraft, does not pretend in his answer,

1873.
January
Term.

Gardner et al
v.
Landcraft et
als.

that he has personal property out of which Plaintiff's debt can be made by process of execution. I do not understand that, before a Court of Equity can decree the sale of real estate to satisfy a judgment lien the personal estate of the debtor must first be exhausted, as in the case of a proceeding against the estate of a decedent. Courts of Equity are always open for the enforcement of of a judgment lien. It is true that more than a year and a day had elapsed between the rendition of the Plaintiff's judgment, and the issuance of the execution. The judgment was rendered on the 21st day of May, 1869, and the execution issued on the 2d day of June, 1870, so that two years had not elapsed after the date of the judgment, before execution issued, and the law is that on a judgment, execution may be issued within two years after the date thereof. See 11th section, chapter 139 of Code of West Virginia. The bill alleges that the execution "went into the hands of the proper officer," and this allegation is not controverted by any of the answers —it must therefore for the purposes of this suit be taken as true. For these reasons this last assignment of error must also be overruled.

The fourth assignment of error is, that the Court below erred "in not allowing Haynes the whole of the Alexander debt." This assignment was not insisted on in argument before the Court. But I have examined the record, and find thot the assignment is not well founded. The Court below in its decree allows Haynes the full amount of the Alexander debt, including interest, as may easily be ascertained from the record.

The fifth error assigned is, that the Court "allowed the Plaintiff more than he claims." I have examined the record, and find this assignment also to be incorrect. The Court allowed the Plaintiffs, in the decree, their principal debt with its legal interest up to the date of the decree, and the costs at law, which, when aggregated, is not less than the amount fixed in the decree.

The sixth and last assignment of error is, that the Court below erred "in not dismissing the bill. The decree settles the priorities of the liens on the land—it provides for the payment of the Haynes debt out of the cash payment, and of Plaintiff's debt out of the deferred instalments of purchase money. Upon a careful examination of the record I have not been able to see any sufficient reason why the Court should have dismissed the bill. On the contrary, the bill is sufficient on its face to give the Court jurisdiction and authorize it to grant the relief prayed. So far as appears from the record in this cause the decree appealed from, which was rendered on the 22d day of June, 1871, is correct, and must be affirmed with costs to the Plaintiffs against defendant, Landcraft, in this Court, and damages according to law, and the cause be remanded to the Circuit Court of Monroe county to be further proceeded with therein.

Judges PAULL and MOORE concurred in the foregoing opinion.