# CHARLESTON.

## A. C. LAWRENCE *v.* W. A. KENNEDY *et als.*

Submitted January 24, 1922.    Decided February 7, 1922.

1. EQUITY—*Plea Which Does Not Constitute a Complete Bar But an Absolute Bar to One Separate and Distinct Claim Proper.*

    Ordinarily a plea in equity, to be good, must constitute a complete bar to the relief prayed for, but where the bill is based upon two or more claims for relief separate and distinct in themselves, a plea which constitutes an absolute bar to one of such separate and distinct claims, is properly allowed to be filed. (p. 216).

2. RES JUDICATA—*Decree as Such in Subsequent Suit Must Have Been Based Upon Matter Actually in Issue in the First.*

    To render a decree *res judicata* in a subsequent suit about

the same subject matter involved in the suit in which such decree was entered, not mere matter of defense thereto, the matter relied upon for relief in such second suit must have been actually in issue in the first. (p. 216).

3. SAME—*Decree Dismissing Bill and Denying Right in Suit Brought by Several Parties to Enforce Execution of Contract for Real Estate Not a Bar to Suit to Make One Jointly Interested who Purchased Interest Sought to be Secured in First Suit While Pending a Trustee for Benefit of Joint Owners.*

A decree entered in a suit brought by several plaintiffs for the purpose of enforcing the specific execution of a contract for the sale of real estate, dismissing the bill and denying right to enforce such contract, is not a bar to a subsequent suit by the same plaintiffs against one who it is claimed was jointly interested with them in the subject matter of the first suit, to have such party declared a trustee for the benefit of all the joint owners upon the ground that he purchased the interest sought to be secured in the specific performance suit while it was pending, even though he was a defendant to the first suit and the bill therein alleged that he had made such purchase in the name of some of the other defendants, no relief being asked in the former suit except the specific execution of the contract relied upon. (p. 216).

4. SAME.

A decree entered in a suit brought by several plaintiffs, for the purpose of enforcing specific execution of a contract for the sale of real estate, dismissing the bill and denying the right to enforce such a contract, is not a bar to a subsequent suit by the same plaintiffs against one who it is claimed purchased an interest in the subject matter of such first suit from them, to have the purchase of such third party of an outstanding interest declared to be for their benefit, upon the ground that such purchaser is estopped to set up title adverse to that acquired from his vendors, even though he was a defendant in the first suit, no relief being sought therein except the specific execution of the contract relied upon. (p. 216).

5 VENDOR AND PURCHASER—REAL ESTATE—*Purchaser Cannot Assert Outstanding Title Against Vendor Unless He Repudiates Contract and Makes Full Restoration.*

One who purchases real estate, or an interest in real estate, and is placed in possession thereof, is estopped to assert against his vendor an outstanding title or interest acquired therein by him, unless he restores to such vendor the pos-

session and all rights acquired by him under the contract and repudiates the same before making such purchase. (p. 219).

6.  SAME—*Purchase of Adverse Interests Held to be for Benefit of Vendor Provided He Pays Purchaser the Consideration Paid Therefor.*

    The purchaser of an undivided interest in real estate who is placed in possession thereof by the vendor, who subsequently purchases another interest in the same property adverse to the claims of his vendor, is estopped to set the same up against the title of his first vendor, but such subsequent purchase will be for the benefit of his first vendor, provided he takes advantage thereof by paying the consideration paid therefor. (p. 219).

7.  SAME.

    In such case, in order to have the benefit of such subsequent purchase, the vendor must pay the entire consideration paid therefor in good faith by the purchaser. (p. 219).

Appeal from Circuit Court, Kanawha County.

Suit by A. C. Lawrence against W. A. Kennedy and others. Decree for plaintiff and C. J. Van Fleet appeals.

*Reversed and remanded.*

*Berkeley Minor, Jr.,* and *Henry S. Cato,* for appellees.
*M. F. Stiles, J. F. Cork* and *J. W. Kennedy,* for appellant.

RITZ, JUDGE:

The plaintiff Lawrence filed his bill for the purpose of settling the interests of the various parties in the oil derived from a tract of about one acre of land known as the Ramsey lease.

It appears that in the month of July, 1918, Samuel H. Meyers and H. F. Martin were the owners of a lease upon a tract of land, the oil from which is in controversy in this suit, by the terms of which they were authorized to develop the same for oil and gas. At that time considerable development had been begun in the neighborhood, and it was contemplated that this would prove to be a valuable oil-bearing lease. The defendants Kennedy and Van Fleet purchased the half interest of Martin in this lease, and at the same time entered into a contract with Meyers by which they were to secure

his half interest upon certain terms and under certain conditions, one of such terms being that he was to have a certain interest in a corporation to be formed by them for the purpose of developing the property, and another that they should contribute a sufficient amount of money to drill one well upon the property.    They organized a volutary association for the purpose of carrying on operations on the lease and offered Meyers the proportion of stock therein which he was to get under his contract, which they claimed was a compliance with the terms of the contract upon their part.    Meyers then, according to their contention, agreed to sell them his interest in the concern thus formed for the sum of $2250.00, but when this amount was offered to him in satisfaction of his accepted offer he declined it, and conveyed his interest to the defendant, Stage, who in turn conveyed it to the defendant Burns.    Kennedy and Van Fleet in the meantime had entered into a contract with the plaintiff Lawrence by which Lawrence agreed to drill a well upon the premises at his own expense for the consideration that he be given an eleven-thirty-seconds interest therein, the cost of such well to be subsequently refunded to him by the whole enterprise should it turn out to be a producing one.    Lawrence went upon the premises in accordance with his contract and drilled a well which turned out to be a substantial producer.

Upon the refusal of Meyers to convey his half interest in the lease to Kennedy and Van Fleet and their associates, in accordance with what they claim to be the terms of his contracts, they brought a suit against the defendants Meyers, Stage and Burns for the purpose of compelling specific execution of those contracts.    The plaintiff Lawrence was also made a party defendant to this bill, and it was alleged therein that while he was jointly interested with Kennedy and Van Fleet in the enterprise, he was acting adversely to them, and that the purchase by Stage from Meyers, and by Burns from Stage of the Meyers one-half interest was really a purchase by Lawrence, and that Burns and Stage were holding this interest for his benefit.    The bill alleged that Stage and Burns had full notice of the contracts and arrangements be-

tween Kennedy and Van Fleet on the one part, and Meyers
on the other.    The prayer of the bill was that the contracts
between Kennedy and Van Fleet on the one part, and Meyers
on the other, be specifically executed, and the defendants
Stage and Burns be compelled to convey the title to this
one-half Meyers interest to the plaintiffs, or that the same
be conveyed to them by special commissioner should they
refuse to do so.    Lawrence answered  this bill and denied
that he had any interest in the Meyers half interest, or any
connection with the purchase by Stage from Meyers, and by
Burns from Stage.    Stage and Burns both answered as-
serting that they purchased for themselves alone, admitting
that they knew at the time of the contracts between Meyers
and Kennedy and Van Fleet, but denied that they were valid
contracts, or that the plaintiffs were entitled to have them
enforced.    Evidence was taken and upon a hearing had
in the Court of Common Pleas a decree was entered adjudi-
cating the right of Kennedy and Van Fleet to have specific
execution of the contract, and compelling Meyers,  Stage
and Burns to convey this half interest to Kennedy and Van
Fleet and their associates upon the payment of the sum of
$2250.00 provided for in the contract.    From this decree an
appeal was prosecuted to the Circuit Court of Kanawha coun-
ty, and that court, upon a hearing, reversed the Court of
Common Pleas, and held that upon the showing made Ken-
nedy and Van Fleet were not entitled to have specific execu-
tion of their contracts in regard to the Meyers half interest,
and dismissed their bill. This decree was affirmed by this
Court.    *Kennedy* v. *Burns,* 84 W. Va. 701.

Pending that litigation arrangements were entered into
by the parties under which the property could be developed
and the oil saved.    It appears that operations were  con-
ducted on either side of this Ramsey lease, and in very close
proximity thereto, which would have extracted all of the oil
thereunder unless it was drilled simultaneously with the
operation on these other tracts.    In order to secure such
operation Kennedy and his associates, being the undisputed
owners of the Martin half interest, and claiming the Meyers
half interest, entered into a contract with the Ring Oil Com-

pany, which had been formed by Lawrence for the purpose of carrying on drilling operations, by which they agreed that the Ring Oil Company should further develop the property, and that the oil produced by such development should be sold by one John C. Malone, and the proceeds thereof used to pay the expenses of drilling, so far as was necessary for that purpose, upon bills approved by a certain committee representing the different claimants to the property.    Stage and Burns entered into a like contract with the Ring Oil Company.    Kennedy and Van Fleet and their associates also at the same time entered into a contract with Malone under which he agreed to market the oil, to pay the expenses of operations, upon bills approved as above indicated, and retain the residue for later distribution.    Stage and Burns entered into a like contract with Malone.    Under this arrangement the Ring Oil Company drilled two additional wells upon the property, making three in all, and from the oil produced from these wells there had been realized the sum of about $100,000.00 at the time Malone filed his answer herein, at which time the said wells were still being pumped and were substantial producers.    Of this sum of $100,000.00 Malone had paid out about $70,000.00 for the expenses of operation in accordance with the contracts above referred to. The representative of Kennedy and Van Fleet refused to approve the bills for the operation of the property according to the allegation of the bill in this case, and the Ring Oil Company notified the parties that unless it was paid its bills for pumping and operating the property it would shut down the operations.    Lawrence thereupon filed this bill alleging substantially the facts above cited, and further averring that if operations upon said lease were suspended he would be seriously injured and damaged by reason of the fact that the oil which might be produced from this lease, by proper operation of the wells, would be discharged through the wells on adjoining leases which were then being operated, and asked that a receiver be appointed to carry on the operations pending the litigation, that the rights of the parties be established, and the money already on hand be divided among them in proportion to their respective interests.    All of the parties

assented to the appointment of a receiver under the circum--
stances, and operations have since been conducted by a re-
ceiver appointed by the court.

Various pleadings have been filed in the case, but for the·
purpose of the question we have here it is necessary to no-
tice only some of them.    To Lawrence's bill setting up his
interest, Kennedy and Van Fleet and their associates filed
an answer and cross bill.    In this answer and cross bill the
interest of the parties in the Martin one-half of the land is
denied to be as contended for by Lawrence, and certain con-
tracts and deeds in relation thereto are asked to be set aside,
and others to be construed differently from the interpreta-
tion given to them by Lawrence in the bill.    With this Mar-
tin one-half interest, however, we are not now concerned. As
to the Meyers half interest, the defendants allege in their
cross bill that they are entitled to practically the whole there-
of.    They aver that the purchase thereof by Stage and
Burns was· in the interest of Lawrence; that Lawrence was
the real purchaser; and that the· purchase of this interest,
which conflicted with the interest asserted by them in the
former suit, under their contract with Meyers, inured to the
benefit of all of the joint adventurers.    That they are en-
titled to have the interest so acquired by Stage and Burns in
behalf of Lawrence adjudged to be for the joint benefit of all
of those jointly interested in the Martin interest inasmuch
as the purchase was made by Lawrence through Stage and
Burns during the time the controversy was pending over this
Meyers interest, and, further that Lawrence as a purchaser
from them is estopped to claim an interest adverse to that
which they sold him, while he is still relying upon and hold-
ing under his contract with them.    They filed an amended
cross bill in which the allegations in regard to the Meyers
half interest were somewhat elaborated.    Subsequently, it
appeared from answers filed by Stage and Burns that Law-
rence had acquired all of the interests held by Meyers, Stage
and Burns in the Meyers half interest, and was the owner
of all thereof, and Kennedy and Van Fleet contended that
the conveyance to Lawrence of these interests by Stage and
Burns and Meyers was simply turning over to him what he

had actually purchased during the time the litigation in regard thereto was pending. Lawrence filed a special plea termed a plea of *res judicata.* In this plea he set up the former litigation and its termination, as above indicated. He averred in this plea that he was in nowise interested in the transactions between Meyers and Stage and Burns in regard to the Meyers half interest at the time the same were made, or until long after the termination of the litigation settling the claims of Kennedy and Van Fleet and their associates thereto; that recently he had purchased from Meyers, Stage and Burns their interests in the Meyers half interest, and that he now held the same, but insisted that the determination of the former litigation was a bar to Kennedy and Van Fleet and their associates asserting any interest therein against him, because of the fact that he was a party defendant to the former suit, in which allegations were made against him that he was the real purchaser of the interests conveyed to Stage and Burns. Objection was made to the filing of this plea which, being overruled, Kennedy and Van Fleet tendered what they called a special replication and amended cross bill, but the court upon objection refused to allow the same to be filed, and entered a decree holding that Kennedy, Van Fleet and their associates were barred by the decree in the former suit from asserting any claim to the Meyers half interest against Lawrence, and it is from this decree that this appeal is prosecuted.

The first question naturally is, is the plea good as a plea in equity? Ordinarily the rule is that a plea in equity, to be good, must bar the right to recover in the suit, but it seems that where separate and distinct matters upon which the right of recovery is based are set up, a plea which is effective to bar one of these separate and distinct rights and claims will be held to be a good plea. Story's Equity Pleadings, § 647.

It only remains, therefore, for us to determine whether the matter set up in the plea furnishes a complete bar to the claims asserted by Kennedy and Van Fleet to the Meyers half interest. It will be borne in mind that this plea relies

upon the adjudication in the former suit to defeat Kennedy
and Van Fleet from recovering any interest in the Meyers
part of the lease from Lawrence, but in addition to setting
up the proceeding in that suit it further avers that Lawrence
never acquired any interest in the Meyers claim until long
after the determination of the suit of Kennedy against Burns.
One of the theories upon which Kennedy and Van Fleet
claim to be interested in the Meyers half of the lease is
that Lawrence, while he was jointly interested with them
in the venture, purchased this outstanding claim.   They
insist in their pleading that while they were in good faith
claiming for themselves and Lawrence this Meyers interest,
Lawrence, through his agents, Stage and Burns, went out
and purchased the same, and now attempts to hold it ad-
versely to them.   Their contention is that because this pur-
chase was made while they were asserting their claim to the
whole lease in behalf of themselves and Lawrence, it was for
their common benefit, and that they are entitled to have
Lawrence decreed to be a trustee holding it for the benefit
of all engaged in the common enterprise.   They further
contend that because of the relationship of vendor and pur-
chaser existing between them and Lawrence, he is estopped
to claim an interest in the property purchased by him from
them adverse to such interest while he is still holding the
same under his contract of purchase.   The court below held
that these contentions were barred by the former adjudica-
tion.   With this conclusion we do not agree.   An examination
of the record in the suit of Kennedy against Burns discloses
that the only relief sought was the enforcement of the con-
tracts set up between Kennedy and Van Fleet on the one
hand, and Meyers on the other, and the only adjudication in
that case was that these contracts were not en-
forceable, and that Kennedy and Van Fleet were
not entitled to have this half interest conveyed
to them by Meyers or his grantees.   While it is true
that bill makes Lawrence a party defendant thereto, no re-
lief is asked against him.   It may be that the plaintiffs in
that suit could have asserted that Lawrence was the real

purchaser, and that his purchase inured to their benefit, and that the same was held by him simply as a trustee for the benefit of all the joint adventurers, and relied upon this as a ground for relief. This they did not do. The rule of *res judicata,* when applied to the plaintiff in a suit, is somewhat different in its effect than when applied to a defendant. Ordinarily a defendant, when he is sued, must set up every matter which exists that would defeat the claim asserted against him, and the adjudication in the suit ordinarily determines, not only every matter of defense which is actually set up, but also such matters as might pertinently be used as a defense. This is not the rule, however, in regard to a plaintiff. The adjudication in that case only settles the claims and grounds for relief actually set up and relied upon by the plaintiff. He, may have another ground upon which to base a claim for relief in that particular case not set up, and not relied upon, in which event the adjudication will not bar him from subsequently relying thereon in another suit. *State* v. *McEldowney,* 54 W. Va. 695; *Perdue* v. *Ward,* 88 W. Va. 371. We are, therefore clearly of the opinion that the adjudication in the former suit did not bar Kennedy and Van Fleet from setting up as a ground for relief against Lawrence, so far as the Meyers half interest is concerned, the facts now relied upon.

But this does not necessarily conclude the question. Lawrence's plea goes further than simply setting up the former adjudication and relying thereon. It traverses the allegation in the cross bill that the purchase by Stage and Burns was for his benefit, and that they acted in his interest, and asserts that he never acquired any interest whatever in this Meyers half interest until after it was determined that Kennedy and Van Fleet and their associates had no claim of any kind thereto. Does this make any difference? It may be true that if Lawrence did not stand in| the relation of purchaser to Kennedy and Van Fleet he would be in a position to acquire for his own benefit the Meyers half interest from Stage and Burns at the time he says he did. We must not, however, lose sight of the fact that not only is Lawrence by reason of his purchase, jointly interested with Kennedy and Van Fleet,

but he is a purchaser from them of an undivided interest in the whole property. He claims in the bill filed in this case this interest under that contract of purchase, and insists that he is entitled to it. It clearly appears that he was put in possession of the property and began and continued operations thereon under that contract of purchase, and that the Ring Oil Company organized by him for the purpose of carrying on these operations, retained possession and control of the property until, upon his motion, it was taken possession of by a receiver of the court, and the possession of this receiver is, of course, but the possession of the owners. It is very well established that a purchaser of real estate, or an interest in real estate, who is put in possession thereof by his vendor cannot acquire an adverse interest so long as he holds the same, and if he does acquire such interest it will inure to the benefit of his vendor, if he desires to have the advantage thereof, upon payment of the purchase price thereof. 27 R. C. L. title "Vendor and Purchaser" § 283; Warvelle on Vendors, § 703; *Buffalo Coal & Coke Co.* v. *Vance*, 71 W. Va. 148; *Smith* v. *Boyer*, 72 W.Va. 632; *Roller* v. *Effinger*, 88 Va. 641; *Galloway* v. *Finley*, 12 Peters 264; *Bush* v. *Marshall*, 6 Howard 284; *Misamore* v.*Berglin*, 197 Ala. 111. 72 So. 347, L. R. A. 1916 F 1024; *Page* v. *Bradford-Kennedy Co.*, 19 Idaho 685, 115 Pac. 694, 24 Am. & Eng. Anno. Cases 402; *Frink* v. *Thomas*, 20 Ore, 265, 12 L. R. A. 239; *Patroski* v. *Minzgohr*, 144 Mich. 356, 108 N. W. 77, 115 Am. St. Rep. 450; *Lake* v. *Hancock*, 38 Fla. 53, 56 Am. St. 159; *Greeno* v. *Munson*, 9 Vt. 37, 31 Am. Dec. 605; *Harle* v. *McCoy*, 7 J. J. Marshall, 318, 23 Am. Dec. 407; *Meadows* v. *Hopkins*, Meigs 181, 33 Am. Dec. 140. The fact that Lawrence's purchase from Kennedy and Van Fleet was not of the whole property cannot change his relationship to them. He purchased an undivided interest in the whole. He was put in possession under that purchase, and he is in this suit setting up the same and insisting thereon. He is in the position of claiming an undivided interest in the whole property under Kennedy and Van Fleet, and another undivided interest in the whole property adverse to Kennedy and Van Fleet. This he cannot do. His acquisition of the Meyers half interest while he was holding

under Kennedy and Van Fleet inures to their benefit. He is estopped to set it up adversely to them. Of course, however, in order to have the advantage of it they will have to pay him the cost of securing the same instead of only a part of the cost, as is argued by counsel. Their obligation to Lawrence was to sell him an undivided eleven-thirty-seconds of the whole property. They purported to own the whole property, and he dealt with them on the basis of their ownership of the whole, and it is their duty to make good the title to the whole property. Lawrence is under no obligation to make good such title by the acquisition of an outstanding interest. He has fully paid for his eleven-thirty-seconds, and if he would have to pay eleven-thirty-seconds of the cost of purchasing the outstanding interest he would be paying twice for part of the interest acquired by him.

We are of opinion that the plea filed by Lawrence sets up no defense to the cross bill, and that the court should have sustained the objection to the filing of the same. We will, therefore, reverse the decree, sustain the objection to the plea, and remand the cause for further proceedings.

*Reversed and remanded.*