# CHARLESTON.

WILLIAM J. BROWN et al·v. C. L. BROWN et als.

(C. C. 352)

Submitted September 2, 1925. Decided September 15, 1925.

1. EXECUTORS AND ADMINISTRATORS—*Court Before Whom Will of Decedent Was Admitted to Probate, or Having Jurisdiction to Grant Administration, May Commit Estate to Sheriff, or Other Officer of County, Upon Its Own Motion.*

    ·Under Section 10, Chapter 85, Code, authorizing the court before whom the will of a decedent was admitted to probate, or having jurisdiction to grant administration, upon motion of any person to commit the estate to the sheriff or other officer of the county, the court may as well upon its own motion as that of "any person" exercise such authority. (p. 619).

2. JUDGMENT—*Dismissal on Demurrer of Bill in Chancery Showing No Grounds for Equity Jurisdiction Will Not in Subsequent Suit, Sustain Plea of Its Jurisdiction on Merits.*

    Dismissal on demurrer of a bill in chancery showing no grounds for equity jurisdiction will not, in a subsequent suit, sustain a plea of *res judicata* on the merits of the controversy. (p. 620).

Case Certified from Circuit Court, Jackson County.

Suit by William J. Brown and S. B. Sayre, Sheriff of Jackson County, and as such executor *de bonis non cum testamento annexo* of the estate of Anna H. Brown, deceased, against C. L. Brown and others, to cancel release of a deed of trust securing a note, and for the sale of land covered thereby. After sustaining exceptions to defendants' pleas and motion.

to strike them from the record, the trial court certified its
ruling.

*Affirmed.*

*T. J. Sayre* and *Kenna K. Hyre,* for plaintiffs.
*M. F. Matheny,* for defendant Prickett.
*C. L. Brown,* pro se.

LITZ, JUDGE :·

At November rules, 1923, William J. Brown and S. B.
Sayre, Sheriff of Jackson county, and as such, Executor *de
bonis non cum testamento annexo* of the estate of Anna H.
Brown, deceased, filed their bill in chancery against C. L.
Brown, late co-executor of said estate, C. L. Brown in his own
right, E. W. Brown, late sole surviving executor of said
estate, E. W. Brown in his own right, J. E. Carson and Ruth
E. Prickett, executrix of the estate of N. C. Prickett, trustee,
deceased.

The bill alleges that the will of Anna H. Brown, who died
in 1898, appointed as executors of her estate A. B. Wells, and
three of her sons: Joseph Brown, E. W. Brown and C. L.
Brown; that A. B. Wells failed to qualify and Joseph Brown
and C. L. Brown, after qualifying, resigned and were prop-
erly released; that E. W. Brown continued to act as sole sur-
viving executor of the estate until 1921 when the county
court of Jackson county removed him and appointed S. B.
Sayre, sheriff of said county, as administrator d. b. n. c. t. a.
of said estate; that the testator in her will made provision
for the plaintiff, William J. Brown, as follows:

> "I give to my son William J. Brown $3000.00,
> the same to be kept on interest and the interest
> paid annually to him but no part of the principal
> to be used during his lifetime, and at his death
> the principal to be divided equally between my
> surviving grandchildren";

that the said will was duly probated and the estate is suf-
ficient to pay all bequests made therein; that E. W. Brown
and C. L. Brown, acting as executors under the will, for the

purpose of carrying out the provision in favor of said William
J. Brown, August 9, 1896, set apart and lent to C. L. Brown
the sum of $3,000.00 for which he executed and delivered the
following note:

> "Ravenswood, W. Va., Aug. 9, 1896.
> "For value received I promise to pay to the ex-
> ecutors of Anna H. Brown the sum of three thou-
> sand dollars upon the death of William J. Brown
> and I promise to pay six per cent. interest thereon
> annually to said Willam J. Brown; or, to said
> executors for him, and upon my default the prin-
> cipal sum shall fall due. This obligation is secured
> by a deed of trust on fifty acres of land on Buff-
> ington's island and I agree in the event I sell said
> land to give a deed of trust on the 333 acres of
> land on Utah Hill I bought of Mrs. F. Leon Clerc
> in lieu of said trust on said island, which the pay-
> ees hereon hereby agree to accept as sufficient se-
> curity for this note whenever I sell said island.
>                                         C. L. Brown".

That as security for the payment of said note and interest,
according to the terms thereof, C. L. Brown and wife executed
a deed of trust on the 50 acres of land, and later upon the
sale thereof, executed, May 13, 1899, a deed of trust to N. C.
Prickett, Trustee, covering the 333 acres mentioned in the
note; that C. L. Brown paid the interest on the note to William
J. Brown until the year 1912, since which time the latter
has received nothing on account of the bequest to him either
from C. L. Brown or anyone representing the said estate; that
there are due and owing by C. L. Brown to William J. Brown
ten payments of interest on the note, of $180.00 each, as of
the 9th day of August, 1922, together with interest thereon
from the due dates thereof; that the principal of the note is
also due the plaintiff S. B. Sayre, Sheriff, etc.

The bill alleges further that, realizing the mental inca-
pacity of his son, the father of William J. Brown by his will
entrusted the control and management of lands and other
property therein devised to the said William J. Brown to the
care of C. L. Brown, and that for the same reason the mother
of William J. Brown created in her will the trust aforesaid

for his benefit; that notwithstanding C. L. Brown at the time sustained to William J. Brown such fiduciary relation, and further that said William J. Brown was mentally incapable of transacting business, the said C. L. Brown on October 31, 1917, by means of fraud, deceit and false representations, procured from William J. Brown what purports to be a release of the interest accruing to him on the $3,000.00 note, following:

January 1st, 1914:
State of West Virginia, Jackson County, to-wit:
I, William J. Brown, hereby release a decd of trust made by C. L. Brown and F. T. Brown, his wife, to N. C. Prickett, my trustee, dated the 13th day of May, 1899, recorded in the office of the clerk of the county court of Jackson county, West Virginia, in Trust Deed Book "K", page 304; I also hereby acknowledge the payment to me by C. L. Brown of all interest accruing on the said note for $3,000.00 mentioned in and secured by the said deed of trust, which was paid to me by the said C. L. Brown in his own right. I heretofore assigned all my right, title and interest in the said note up to August 9, 1912, and I now confirm such assignment; and hereby release the said deed of trust so far as I have an interest therein; or to the note secured thereby; but I retain as against the executor or executors of the last will of Anna H. Brown, deceased, my right as legatee thereunder as to the interest on the specific sum of $3,000.00 which by the terms of said will was directed to be invested for my use and benefit during my lifetime, which may fall due on August 9, 1914, thereafter; or on the future anniversaries of the death of the said testatrix, to-wit: the 16th day of November, 1914, or thereafter;said bequest bearing interest from the date of the death of the said testatrix under said will; and I reserve my right, or that of my lawful assigns to proceed against the executors of said will if necessary, to collect said interest or annuity hereafter to fall due as aforesaid otherwise than by enforcement of said trust deed now hereby released by me January 1, 1914.
                                    W. J. Brown.

Acknowledged before the subscriber by said W.
J. Brown, this 31st day of October, 1917.
  Witnesses:
Susan M. Brown             M. C. Archer
J. R. Kellar.   Notary Public Jackson Co., W. Va.

The bill prays that the purported release be cancelled, and
the note decreed a valid and subsisting obligation against
C. L. Brown in favor of the plaintiffs; that the deed of trust
be adjudged a valid and enforceable lien against the land
therein conveyed for the payment of the note and interest;
and that a sale of so much of said land as may be necessary
to pay said note and interest be decreed, and the proceeds
of sale so applied.

Pleas in abatement were filed by the defendants, C. L.
Brown and Ruth E. Prickett, trustee, collaterally attacking
the appointment of the plaintiff S. B. Sayre, sheriff, as Ex-
ecutor d. b. n. c. t. a. of Anna H. Brown, deceased, by the
county court of Jackson county, on the ground that the court
acted upon its own motion and not ''on the motion of any
person'' as provided in Section 10, Chapter 85, Code. The
order entered by the county court making the appointment,
after reciting the revocation and annulment of the authority
of E. W. Brown as executor of the estate, declares:

> ''It further appearing to the court that more
> than three months has elapsed since the powers of
> said executor were so revoked, and that no person
> interested has moved or requested the appointment
> of an executor *de bonis non*   *   *   *   the court
> is of opinion to and does *upon its own motion* order
> the Sheriff of Jackson county to take into his pos-
> session the estate of said decedent A. H. Brown
> and administer the estate of said decedent.''

Said Section 10, Chapter 85, Code, provides that if at any
time three months elapse without there being an executor
or administrator of an estate (with certain exceptions not
applying here) the court before whom the will was admitted
to probate or having jurisdiction to grant administration,
''shall, on motion of *any person* order the sheriff or other

officer of the county to take into his possession the estate of such decedent and administer the same.'' The general rule is that a mere irregularity in procedure is not a good ground for collateral attack upon the appointment of an administrator where the court has jurisdiction to proceed in the matter. 11 R. C. L. ''Executors and Administrators'', Secs. 74, 86; *Colley, Admr.* v. *Calhoun*, 89 W. Va. 399. The irregularity complained of certainly does not make the action of the court void; on the contrary, in our opinion, the county court acted within the authority conferred upon it by the statute, the clear purpose of which is to authorize such appointment upon it being brought to the knowledge of the court that three months have elapsed without there being a representative of the estate. As the statute authorizes any person to call the county court's attention to the matter and move the appointment, certainly the county court, upon information in any way coming to it that an estate within its jurisdiction is without an administrator or executor, should promptly proceed to have such estate committed to an officer of the county. In *Bridgman* v. *Bridgman*, 30 W. Va. 212, this Court recognized the property of the county court's action, as the rightful exercise of its sound discretion, in appointing the sheriff to administer an estate, instead of one or more of several distributees who had applied. There was nothing illegal or improper in the action of the county court complained of.

Defendant Ruth E. Prickett, executrix of N. C. Prickett, trustee in said deed of May 13, 1899, having authority under Section 6, Chapter 132, Code, to execute such trust, by plea avers that the dismissal on demurrer of a bill in chancery filed October rules, 1914, in the circuit court of Jackson county by E. W. Brown, as sole executor of Anna H. Brown, deceased, and William J. Brown, against the defendant C. L. Brown and N. C. Prickett, trustee, seeking to enforce the deed of trust of May 13, 1899, for the payment of said note and interest, is *res judicata* of the issues in this case. The dismissal of a suit on demurrer unless predicated upon the merits, is not *res judicata*. No ground for equitable jurisdiction having been stated in the former suit, there is no

presumption that its dismissal on demurrer to the bill went
to the merits of the cause.  *Lessee of Lore* v. *Truman*, 10 O. S.
45, 55; *Moss* v. *Ashbrooke,* 12 Ark. (7 Eng.) 369; *Detrick* v.
*Sharrar,* 95 Pa. St. 521, 525; 2 Van Fleet Former Adjudica-
tion, Sec. 305; *Poole* v. *Dilworth,* 26 W. Va. 583; *Biern* v.
*Ray,* 49 W. Va. 129; *Corruthers* v. *Sargent,* 20 W. Va. 351.

In support of the plea of former adjudication, the defend-
ant Ruth E. Prickett, executrix etc., further relies upon a
suit in chancery instituted by E. W. Brown, as executor
aforesaid, against C. L. Brown and others for the collection
of said note.  The dismissal of that suit on demurrer on the
ground that the remedy, if any, was at law, was affirmed by
this Court June 24, 1913.  *Brown* v. *Brown,* 72 W. Va. 648.
The plea of *res judicata* is therefore without foundation.

It is also asserted in the pleading denominated plea and
answer of said defendant Ruth E. Prickett, executrix, etc.,
that because of alleged diversity of interests between the plain-
tiffs there is a misjoinder of parties plaintiff.  The estate be-
ing interested not only in the collection of the principal of
the note, but also in the payment of the interest thereon to
said William J. Brown, there is sufficient community of in-
terest between the parties plaintiff entitling them to sue
jointly.

The ruling of the circuit court sustaining exceptions to
the defendants' pleas, and motion to strike the same from the
record, certified here for review, is therefore

*Affirmed.*