ELSIE M. SMITH

*v.*

SELMA HAYMOND, *et al.*

(No. 10297)

Submitted January 24, 1951.   Decided March 13, 1951.

*Powell, Clifford & Jones, Lycurgus Hyre,* for plaintiff in error.

*Myron B. Hymes, Hymes & Coonts,* and *Wm. T. O'Brien,* for defendants in error.

RILEY, JUDGE:

Elsie M. Smith instituted in the Circuit Court of Upshur County this action of trespass on the case against Selma Haymond, Nora Duvall, Georgia Lane, Summers Haymond, Mark Haymond, Herman Haymond, and Anna Pyles, to recover damages in the amount of $15,000.00 for the alleged wrongful obstruction of a disputed easement for a right of way leading from a public road across the defendants' lands to land owned by plaintiff. This writ of error is prosecuted to a judgment entered on October 7, 1949, sustaining a plea of *res judicata* to plaintiff's declaration and dismissing the action, in which the defendants set up as a bar to the instant action decrees entered in two chancery suits dismissing the bills of complaint, in the first of which, No. 2369, the plaintiff prayed only for an injunction to restrain the defendants from interfering with the same right of way involved in this action; and in the second chancery suit, No. 2427, the plaintiff prayed both for an injunction, restraining defendants from interfering with the right of way, and also for damages.

As appears from the instant plea of *res judicata* the circuit court granted a preliminary injunction in the first suit, and upon answer having been filed, which categorically denied the allegations of the bill of complaint that plaintiff had a right of way over defendants' lands, the court entered a decree dissolving the preliminary injunction and dismissing the bill of complaint. Thereafter an appeal was refused from that decree by this Court.

The plea of *res judicata* further avers that thereafter, and before the institution of this action at law, the plaintiff again sued the same defendants in a second chancery suit, which prayed both for an injunction, restraining

the defendants from obstructing and interfering with the same alleged right of way and an award of damages. In the second suit the circuit court overruled plaintiff's demurrer to defendants' plea of *res judicata* setting up as a bar the decree in the first suit and by final decree dismissed the second suit. To the decree of dismissal an appeal likewise was refused by this Court.

The judgment, to which this writ of error is being prosecuted, made the complete records in the two chancery suits a part of the record in this action of trespass on the case. These records have been exhibited to and considered by this Court, together with the certificate of the Honorable Morgan L. Brooks, Clerk of the Circuit Court of Upshur County.

Counsel for plaintiff has raised the question whether there is a discrepancy between the printed record in this case and the original record filed in chancery cause No. 2369, as to the joint and several answer of the defendants to the bill of complaint. The clerk's certificate, together with our examination of the original record in the first suit, shows that the printed record is incorrect in the following respects: The name "Jerome V. Hall, Esq.," one of the attorneys for the defendants is not shown in the printed record to have signed the answer, though his name appears on the original answer; and the name of "Wm. T. O'Brien, Esq.,", one of counsel for defendants is incorrectly shown in the printed record as "Wm. F. O'Brien"; the printed record shows no name is signed to the verification of the answer; nor does it show the name of the notary public before whom the verification was made, or the date when his commission expires, whereas the original answer, as well as the carbon copy thereof, filed in the office of the clerk of the circuit court, shows that the verification to the answer was signed "Mrs. Selma Haymon", and that it was taken before T. H. Evans, a notary public, and that his commission expired on June 6, 1949.

On this basis we look to the original answer in suit No. 2369, which is regularly signed and verified.

In the first chancery suit the plaintiff, after alleging in her bill of complaint her ownership of the alleged dominant tenement and the defendants' ownership of the alleged servient tenement, alleges that the defendants wrongfully interfered with the claimed easement by the obstruction of the road or right of way and by locking the gates across said road or right of way, and prays that defendants be compelled to remove the alleged obstructions and locks; that the plaintiff be permitted to use said right of way or road, as the bill of complaint avers it had been theretofore used; and that plaintiff be granted an injunction against defendants, prohibiting them from molesting or further annoying and keeping plaintiff from the use of said right of way or road, and for other and general relief.

On this bill filed in the first suit the circuit court, after written notice to the defendants, granted a temporary injunction in the terms of the prayer of the bill of complaint. Thereupon, the defendants filed their joint and several answer to the bill of complaint, and the case was heard upon plaintiff's bill of complaint, defendants' joint and several answer thereto, and upon defendants' motion to dissolve the injunction and dismiss the bill of complaint. The circuit court in that suit (No. 2369), on September 18, 1947, dissolved the temporary injunction and dismissed the plaintiff's bill of complaint, and this Court refused an appeal to that decree of dismissal.

By their joint and several answer to the bill of complaint in the first chancery suit, the defendants fully and completely denied all the allegations of plaintiff's bill of complaint, as to the existence of the alleged right of way by necessity or by prescription, as well as all material allegations of the bill of complaint as to the existence of any right of way; and defendants denied the allegations of the bill of complaint, that they interfered with and obstructed the alleged right of way; and that plaintiff suffered irreparable injury.

The allegations of the bill of complaint in the second chancery suit, No. 2427, filed by the plaintiff against the

same defendants, who were impleaded in the first suit, conform substantially to the allegations of the first bill of complaint, except that in the bill of complaint in the second suit the plaintiff alleges acts of interference with the right of way occurring after the dismissal of the bill of complaint in the first suit, and prayed both for an injunction restraining defendants from the alleged subsequent interference with plaintiff's use of the alleged right of way and the awarding of damages.

To the bill of complaint in the second suit, the defendants filed a plea of *res judicata,* setting forth as a bar to the relief sought in that suit, the former decree entered in case No. 2369, and in support of the plea they filed the bill of complaint, answer and decree of the circuit court dismissing the bill of complaint in the first suit. The circuit court held in the second suit that: (1) The parties plaintiff and defendant in both suits are the same; (2) the former suit involved substantially the same subject matter as was involved in the second suit; (3) the relief sought and prayed for in the second suit is substantially the same as the relief sought and prayed for in the former suit; (4) the decree dissolving the injunction and dismissing the bill of complaint in the first suit, entered at the September, 1947, term of court, settled the matters involved in the second suit; and (5) the final decree in the first suit is a bar to the relief sought in the second suit. On the basis of this the court by decree entered on February 6, 1948, dismissed the bill of complaint in the second suit at plaintiff's cost.

The plaintiff failed to allege in either of the bills of complaint that the alleged right of way had been determined by a prior adjudication, and that an action at law was pending or was to be brought by plaintiff to adjudicate plaintiff's title to the alleged right of way. Relying upon this claimed defect in the bills of complaint in the chancery suits, defendants contend that, as title to the alleged easement was in dispute in both cases, and plaintiff had failed to allege that the suits were ancillary to

a pending action at law to determine title or that such action was to be brought, the court was without jurisdiction to entertain either suit; and therefore the first suit should have been dismissed because of lack of jurisdiction and the final decree in that suit was not a dismissal on the merits. On this ground it is contended that the decree in the first suit would not support the pleas of *res judicata* filed in the second suit and in the present action at law.

Plaintiff assigns the following grounds of error: (1) That the circuit court had no jurisdiction in the first chancery suit to try the title to a disputed right of way or any other disputed interest in the land, and that the dissolution of the injunction is not *res judicata* and cannot be set up as an estoppel or bar to an action at law for damages; (2) the dismissal of a bill in chancery showing no grounds for equity jurisdiction will not in a subsequent suit or action sustain a plea of *res judicata* on the merits of the controversy; (3) equity will not enjoin alleged trespass on a disputed estate or right in land in the absence of an averment that an action at law is pending or is about to be brought; and (4) that since the court had no equity jurisdiction in the second suit, because the alleged right of way was in dispute, and the damages sought in that suit were merely incidental to the prayer for an injunction to inhibit the obstruction of the right of way, the decree of dismissal in that suit is not a bar to this action at law to recover damages.

Several questions arise on this record, to which we shall address ourselves *seriatim*: (1) Did the Circuit Court of Upshur County have jurisdiction in the first suit; (2) was the decree dissolving the preliminary injunction and dismissing the bill upon bill and answer in the first suit a final decree; (3) if the decree in the first suit is a final decree, what is the effect of the second suit in equity, in which the plaintiff sought not only an injunction as to matters subsequent to the dismissal of the first suit, but also an award of damages; and (4) what is the effect of the decrees dismissing the plain-

tiff's bills of complaint in both suits, the first on bill and answer, and the second on a plea of *res judicata*?

In the consideration of the question whether the circuit court had jurisdiction of the first suit, we bear in mind that plaintiff in that suit sought only a preliminary injunction. Also important in the consideration of this question is the fact that the first suit contained no allegation to the effect that it was brought ancillary to an action at law to determine title; or that title had theretofore been determined; or that an action at law was about to be brought to determine title.

On this point counsel for plaintiff cite a number of cases decided by this Court, which, in the absence of an averment that an action at law is pending, or is about to be brought to determine title, equity will not enjoin an alleged trespass on land where the boundaries thereof are in dispute: *Stickler* v. *Bays,* 116 W. Va. 463, syl., 181 S. E. 717; *McDonald* v. *Boggs,* 97 W. Va. 201, 124 S. E. 680. See *Freer* v. *Davis,* 52 W. Va. 1, pt. 1 syl., 43 S. E. 164, disapproving pt. 1, syl., *Bettman* v. *Harness,* 42 W. Va. 433, 26 S. E. 271. The rule inherent in the decisions in those cases is well established in this jurisdiction. However, no such rule is applicable to cases in which the boundaries of land are not in dispute, or plaintiff seeks to clear a cloud on title, but the matter in dispute, as here, is simply that of a right of way claimed to be asserted by a dominant tenement against a servient tenement. In this realm of equity jurisprudence it is well-established that where, in a court of equity, a land owner seeks to assert a right of way over adjoining lands, and the only matter in dispute is the existence of the right of way, a court of equity will enjoin the interference with the right of way, if it has been established by pleadings in the absence of proof or by pleadings and proof, where proof has been adduced in support thereof, that plaintiff has no adequate remedy at law, equity being grounded on a multiplicity of suits thereon. Perhaps the two leading cases in this State are *Rogerson* v. *Shepherd,*

33 W. Va. 307, 10 S. E. 632; and *Boyd* v. *Woolwine,* 40 W. Va. 282, 21 S. E. 1020.

We have reviewed the pleadings and proof in these cases, as disclosed by the original printed records. In the *Rogerson* case, which involved the obstruction of a private way leading from plaintiff's farm through the farm of the defendant to a public road, the Circuit Court of Marshall County overruled a demurrer to plaintiff's bill of complaint, and, after the taking of proof upon final hearing, awarded an injunction..In that case clearly the right of way claimed was in dispute, for after the demurrer was overruled the defendant answered, as this Court said, "denying the material allegations in said bill contained."

This Court's opinion in that case does not disclose whether the bill alleged that the suit was ancillary to a pending action at law, or that the disputed right of way had been determined in a prior judicial proceeding, or that an action at law was about to be brought to establish the right to the disputed right of way. But the pleadings, as disclosed by the original record, disclose that there was no such allegation in the bill of complaint. This case has not been overruled in this jurisdiction, and it has been cited time and again in the opinions of this Court.

Likewise the case of *Boyd* v. *Woolwine, supra,* involved a disputed private right of way over another's land. In that case the circuit court upon plaintiff's bill of complaint, a demurrer thereto, the answers of the defendants denying the allegations of the bill of complaint and depositions taken, dissolved the preliminary injunction theretofore awarded by the circuit court and dismissed plaintiff's bill of complaint. This Court, in setting aside the decree of the circuit court made the temporary injunction theretofore awarded perpetual, held in point 5 of the syllabus: "A mandatory injunction will lie to cause an obstructed or closed private way to be cleared and opened for the use of the owner." Likewise this case

has not been overruled, and the original record discloses that, notwithstanding the right of way was in dispute, there was no averment in the bill of complaint of a pending action at law, or one about to be brought, or that the disputed right of way had theretofore been determined in a prior judicial proceeding. This rule is applicable only to suits in equity involving rights of way or easements and is based, as Judge English said in the *Rogerson* case, upon a lack of remedy at law, because, for a plaintiff to assert his right in a court of law as against continuous interference with an alleged right of way, a multiplicity of suits would result: "It is true the plaintiff had a remedy at law, to some extent; but the remedy was not complete and adequate, and the pursuit of his remedy at law to recover damages for a continuous obstruction and nuisance would lead to a multiplicity of suits, to avoid which is one of the principal grounds of equity."

The rule has been applied in cases involving a right of way by necessity, *Proudfoot* v. *Saffle*, 62 W. Va. 51, 57 S. E. 256; and a right of way by prescription, *Walton* v. *Knight*, 62 W. Va. 223, 58 S. E. 1025. In both of these cases the title to the right of way was in dispute, as in the *Rogerson* and *Boyd* cases, and the original records disclose that there was no averment that the title to the right of way had theretofore been established, or that there was a pending action at law, or one about to be brought.

A review of all the West Virginia cases we can find, bearing on the immediate question, as well as an examination of the records in those cases, indicates clearly that it is well established in this jurisdiction that where the suit does not involve the location of disputed boundary lines, or an alleged trespass on disputed land, a court of equity has jurisdiction to entertain a bill praying for an injunction to prevent the continuous obstruction of or interference with a disputed right of way, though the bill of complaint contains no averment indicating that it was ancillary to a pending law action, or one about

to be brought, or that the title to the right of way had theretofore been adjudicated. So we are of opinion that in the first suit in equity the circuit court had jurisdiction, and, therefore, if the decree in that suit, dissolving the injunction and dismissing plaintiff's bill of complaint, is final, it is *res judicata* as to the matters in dispute in that case, namely, the existence or nonexistence of an easement in plaintiff's favor over defendant's land. Because the court had jurisdiction in the first suit, the case of *Brown* v. *Brown,* 99 W. Va. 615, 129 S. E. 459, is not in point.

We think, however, that the decree in the first suit was final. A final decree may be had upon bill and answer. 2 Daniell Chancery Pleading and Practice, 6 Am. Ed., 974; *Chapman* v. *Pittsburgh, C. & St. L. R. Co.,* 26 W. Va. 328; *Cresap* v. *Cresap,* 54 W. Va. 581, 64 S. E. 582; as well as upon bill, answer and replication to the answer, *Gardner* v. *Landcraft,* 6 W. Va. 36. See also 1 Miller's Equity Procedure, 3d Ed., Section 561. So the decree in the first suit, in our opinion, is final and *res judicata* on the question whether plaintiff had the right of way in dispute. It follows that the second suit having been decided upon the plea of *res judicata* and not on its merits, does not bear upon the question of the right of plaintiff to maintain this action at law. The nonexistence of the right of way in plaintiff's favor having been determined in the first suit, there was no right of way affording equitable jurisdiction in the second suit on the basis of which the plaintiff could obtain an award of damages for the alleged obstruction of a disputed right of way. The plaintiff being without equity in the second suit, the strictly legal claim for damages which could be determined therein, if there had been equity jurisdiction, necessarily falls. So the dismissal of the bill of complaint in that suit upon defendants' plea of *res judicata* and plaintiff's replication thereto has no bearing on the basic question before us.

Is then the final decree dissolving the temporary injunction and dismissing plaintiff's bill in the first suit

*res judicata* and a bar to the institution and maintenance of this action at law? If the circuit court in the first suit had perpetuated the injunction theretofore granted and had not dismissed plaintiff's bill of complaint and plaintiff's right of way had been established by a prior adjudication, as in the case of *Perdue* v. *Ward,* 88 W. Va. 371, 106 S. E. 874, cited by plaintiff's counsel, that case would be clearly in point. In the *Perdue* case, the plaintiff had a right of way already determined in the case of *Roberts* v. *Ward,* 85 W. Va. 474, 102 S. E. 96. At pages 372 and 373 of the opinion in the *Perdue* case the Court said: "The two actions are separate and distinct. One is for the purpose of preserving an easement free and unobstructed and to compel the removal of obstructions already placed, peculiarly a subject of chancery jurisdiction; and the other, assessment of damages, peculiarly a question for a jury." If, as in the *Perdue* case, the plaintiff here had a right of way established in the first equity suit, there would be a right to the assessment of damages ancillary to the equity jurisdiction of the circuit court; but because the two claims, one for an injunction and the other for damages, are separate and distinct, the adjudication of the Circuit Court of Upshur County in dissolving the injunction and dismissing plaintiff's bill of complaint would be a bar to the instant action at law. *Lawrence* v. *Kennedy,* 90 W. Va. 209, 218, 111 S. E. 142; *State* v. *McEldowney,* 54 W. Va. 695, 47 S. E. 650.

To summarize, in the *Perdue* case, plaintiff's right of way had been established by a prior adjudication, in which the question of damages had not been put in issue and the equity relief and the legal claim for damages being separate and distinct, this Court held that the plaintiff could recover damages in an action at law. In the instant case, though the matter of damages had not been put in issue in the first equity suit, the final decree in that suit adjudicated that plaintiff had no right of way, and there being no right of way, no damages could be recovered either in the second suit or in the instant action

at law. True, the syllabus in the *Perdue* case would seem to hold otherwise, but that syllabus is broader than the decision of the case, and to the extent that the syllabus goes beyond the scope of the decision, as shown by the opinion, it is disapproved.

We hold that the final decree in the first equity suit is a bar to recovery in the instant action at law, and, therefore, we affirm the judgment of the Circuit Court of Upshur County, sustaining defendants' plea of *res judicata* and dismissing the action.

*Affirmed.*